THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN SCHALLER, Alias SIDNEY SCHWARTZ, Alias HARRY SCHWARTZ, Appellant.

First Department, June 8, 1928.

*Samuel J. Loewenstein* of counsel [*Rosenthal & Loewenstein,* attorneys], for the appellant.

*Felix C. Benvenga, Assistant District Attorney,* of counsel [*Thomas B. Dyett, Deputy Assistant District Attorney,* with him on the brief; *Joab H. Banton, District Attorney*], for the respondent.

FINCH, J. This is an appeal by the defendant from a judgment of the Court of General Sessions convicting him of grand larceny in the second degree and sentencing him to life imprisonment·as a fourth offender.

For the vacation of the judgment the appellant relies upon two alleged errors of law. The first was the denial of an alleged right in the defendant, upon the trial of an information charging him with being a fourth offender, to challenge jurors peremptorily. The district attorney and counsel for the defendant have agreed that this question, as submitted to the court, should read as follows: " When a jury is impaneled to determine the truth of an information pursuant to Section 1943 of the Penal Law, is the defendant entitled to peremptory challenges? " The learned court at the trial correctly answered this question in the negative. At common law the right to peremptory challenge was confined to the trial of the general issue upon the plea of " not guilty," and such right did not extend to the trial of collateral issues. This was definitely settled as early as the decision of *Rex* v. *Okey* (1 Lev. 61), in 1662–3, and is supported by well-known authors on criminal jurisprudence. (2 Hale P. C. ch. 35, p. 267; 2 Hawkins P. C. ch. 34, § 6; Foster's Crown Law, 42, 46; 1 Chitty Crim. Law, 535; 2 Bishop New Crim. Pro. [2d ed.] § 942; 3 Wharton Crim. Pro. [10th ed.] § 1551.) Upon the collateral issue of identity, as in the case at bar, it was early held in this State that the defendant was not entitled to peremptory challenges. (*People* v. *Youngs,* 1 Caines, 37.) The same also applies on the preliminary trial of the issue of insanity. (*Freeman* v. *People,* 4 Den. 9.)

We are thus brought to inquire whether this rule of the common law has been changed by statute. That question must be determined in the light of the common sense rule of statutory construction that the common law will be held to be no further abrogated than the language of the statute clearly imports. (*People* v. *Palmer,* 109 N. Y. 110,·117, 118; *People* v. *Adler,* 140 id. 331, 335; *People* v. *Wilson,* 151 id. 403, 409.) The first statute upon the subject of peremptory challenges was contained in the Revised Acts of 1801 (R. A. of 1801, chap. 60, § 9; 1 K. & R. 261, § 9), which provides: " That every person arraigned for any crime punishable with death, or with imprisonment for life, shall be admitted on his trial to a

peremptory challenge of twenty jurors and no more." (See, also, Reprint Laws of 1801, chap. 60, § 9.) It is unnecessary to trace the further statutory changes from this date until the present time, but the tendency has been to broaden the right and increase the number of peremptory challenges. Now, by section 373 of the Code of Criminal Procedure, peremptory challenges must be taken in number as follows:

" 1. If the crime charged be punishable with death, thirty;

" 2. If punishable with imprisonment for life, or for a term of ten years or more, twenty;

" 3. In all other cases, five."

As already noted, the right to peremptory challenges under the common law has always been confined to the trial of the main issue and has not extended to the trial of collateral issues. (*Freeman* v. *People, supra.*)

By chapter 457 of the Laws of 1926 there was added section 1943 to the Penal Law, concerning " procedure relating to resentencing." The Legislature in thus providing for a procedure relating to resentencing, which is a trial of a collateral issue, namely, the issue of identity, did not grant the right of peremptory challenges. In so enacting, the Legislature followed the law from the earliest times in relation to peremptory challenges, for the right to peremptory challenge is not a right which exists in the ordinary case, but is a right given to a defendant in the extraordinary case, namely, originally when he was on trial for his life, and, as the old phrase had it, " was an additional right given *in favorem vitæ.*" (4 Black. Comm. 353; 1 Chitty Crim. Law, 535; 2 Bishop New Crim. Pro. [2d ed.] § 942.) In the ordinary case the right of a defendant is amply protected by his right to challenge for cause. It·follows from the foregoing that the defendant would not be entitled to peremptory challenges on the trial of the collateral issue of identity unless the Legislature had desired to depart from historical precedent and afford him this unusual right. Since the Legislature has not so provided in the procedure laid down relating to resentencing (Penal Law, § 1943), this statute should not be construed to confer that right unless the clear import of the language used in the statute so requires. It is clear that the language employed in this statute does not so require.

The learned trial judge, therefore, was correct in denying the defendant the right to peremptory challenges.

The second question of law agreed upon by the district attorney and counsel for the defendant reads as follows: " The identification of the defendant being established, was the proceeding in the Massachusetts Court tantamount to a conviction for felony within the interpretation of Section 1942 of the Penal Law of the

State of New York? " This question the learned court at the trial answered in the affirmative. In our opinion, for the reasons hereinafter given, the answer should have been in the negative. The defendant was duly· tried and convicted under an indictment for grand larceny in the second degree as a second offense. Thereafter an information was filed by the district attorney pursuant to the provisions of the Penal Law (§ 1943) charging that the defendant had been convicted of three other felonies prior to the two of which he then stood convicted. *First,* that on August 17, 1916, the defendant was convicted of grand larceny in the second degree in the Court of General Sessions; *second,* on November 12, 1919, the defendant was convicted of grand larceny in the second degree in the Superior Court, Boston, Mass.; *third,* on November 12, 1919, he was convicted of grand larceny in the second degree in the Superior Court, Boston, Mass. The defendant, upon being arraigned, denied the truth of the allegations in the information and pleaded that he was not the same person mentioned therein. A jury was thereupon impaneled and sworn. In the course of the trial the district attorney introduced in evidence two exemplified copies of two separate indictments against the defendant, together with the records of the proceedings, in the Superior Court, Boston, Mass. These records of the proceedings showed that upon the defendant's arraignment in Boston he pleaded guilty to the crimes charged, and upon the recommendation of the district attorney the indictments were " placed upon file " and the defendant " discharged from custody " without punishment. The jury found the defendant to be the identical person mentioned, whereupon defendant was sentenced to life imprisonment as a fourth offender. Counsel for defendant now contends that as the defendant's plea of guilty was not followed by judgment or sentence, he could not be given the increased punishment prescribed in the Penal Law (§ 1942, as amd. by Laws of 1926, chap. 457) upon his pleas of guilty in Boston.

It is settled by the authority of *People* v. *Fabian* (192 N. Y. 443, 452), that the word " convicted " has two meanings, namely, *one,* where it is employed with reference to the verdict in a criminal case as distinguished from the judgment; and *two,* where it is employed to denote the final judgment or sentence of the court. Likewise without noteworthy dissent it has been held by a number of cases in this State and in other States that where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eyes of the law, conviction is construed as meaning that condition which is evidenced by judgment and sentence; and that where a sentence is suspended so that the direct consequences of fine and imprisonment are suspended or postponed temporarily

or indefinitely, so also the indirect consequences are likewise postponed. (Wig. Ev. § 521; *People* v. *Whipple,* 9 Cow. 707; *People* v. *Herrick,* 13 Johns. 82; *Blaufus* v. *People,* 69 N. Y. 107; *People* v. *Marendi,* 213 id. 600, 616.) There are apparently no cases in this State construing the word " conviction " as used in statutes which provide for increased punishment for persons formerly convicted of crime, but in other jurisdictions it has been uniformly held that the term " conviction " so employed in statutes means a judgment and sentence following a plea or verdict of guilty. (*Staniforth* v. *State,* —— Ohio App. ——; 156 N. E. 924; *Commonwealth* v. *McDermott,* 224 Penn. St. 363; *State* v. *Gani,* 157 La. 231; *State* v. *Savage,* 86 W. Va. 655; *Brittian* v. *State,* 85 Tex. Crim. 491; *State* v. *Olson,* 200 Iowa, 660; *State* v. *Volmer,* 6 Kans. 379; *State* v. *Brown,* 115 Mo. 409; *United States* v. *Lindquist,* 285 Fed. 447.) It .would seem, therefore, that the word " conviction " as used in the statutes under consideration implies the final judgment or sentence of the court, and that the increased punishment therein prescribed for persons previously convicted cannot be imposed unless the conviction is followed by final judgment or sentence. It is contended by the respondent that this rule of law has been abrogated by section 470-b of the Code of Criminal Procedure (added by Laws of 1893, chap. 651, as amd. by Laws of 1918, chap. 467), which reads as follows:

" If judgment be not pronounced as in the last section provided, nevertheless:

" 1. For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact."

It will be noted that said section, by its terms, applies only to cases involving a second offense. The respondent urges that the section should be extended by implication to cover all cases dealing with increased punishment for prior offenses, irrespective of the number of such prior offenses. No valid basis, however, is shown upon which to rest such an implication. In certain instances where the Legislature desired to avoid the application of the recognized meaning of the word " conviction " as bearing upon the status or rights of the defendant in a subsequent case, it was careful so to provide. (Liquor Tax Law, § 2, as amd. by Laws of 1920, chap. 911; repealed by Laws of 1921, chap. 155; Code Crim. Proc. § 470-b, as amd. *supra.*) The omission of the Legislature so to provide in other cases must be deemed to have been intentional, and any implication to be drawn from such omission is unfavorable to the respond-

ent's contention. In the absence, therefore, of an express abrogation, as applied to fourth offenders, of the established rule of law that a conviction implies a final judgment or sentence, such rule must be applied in the case of a defendant charged as a fourth offender. We are content to rest this conclusion upon what we regard as the settled rules of statutory construction. If confirmation, however, is sought, it may be had by considering that the Legislature in providing for increased punishment for a second offender was dealing with a heavier punishment as a deterrent (Penal Law, § 1941, as amd. by Laws of 1926, chap. 457; Code Crim. Proc. § 470-b, as amd. *supra*); whereas in providing for life imprisonment for fourth offenders, it may well be urged that a new principle was involved, namely, to remove permanently from society those whose settled habits seem to have led them to a fixed and definite career of crime. If this is the fact, there is all the more reason why a previously. enacted statute in terms dealing only with second offenders, where life imprisonment could not be the punishment, should not be applied to the new and more drastic policy.

It follows that the judgment of the Court of General Sessions imposing a life sentence upon the defendant should be vacated, and the defendant resentenced.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Judgment vacated and the defendant remanded for resentence. Settle order on notice.