THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERICH ERICH, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK by the COMMISSIONER OF PUBLIC WELFARE, on the Complaint of KATHERINE GOLDSMITH, Respondent; v. FRANK B. RISER, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD MARCLEY, Respondent, v. LEWIS E. LAWES, Warden of Sing Sing Prison, Appellant.— Order dismissing writ of habeas corpus, directing that relator be returned to the County Court of Nassau county for resentence, and setting aside judgment sentencing him to imprisonment for life, affirmed in so far as appealed from. (*People* v. *Schaller*, 224 App. Div. 3.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

QUENCAR BUILDING CORPORATION and CARNER BROTHERS, INC., Respondents, v. IRENE B. CLARY-HAINES, Appellant.— Order denying defendant's motion to dismiss amended complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of a copy of the order herein upon such payment. No opinion. Lazansky, P. J., Rich, Young, Kapper and Carswell, JJ., concur.

ANTHONY ROMAN, Respondent, v. JOSEPHINE ROMAN, Appellant.— Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

PAUL SCOLA, Respondent, v. BUSH TERMINAL COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

JOSEPH D. SELDEN, Respondent, v. ANGLO-INDIA COMPANY, INC., a Domestic Corporation, Appellant.— Judgment unanimously affirmed, with costs. The defendant corporation was bound to show affirmatively that it had no surplus out of which to pay the contract obligation. The burden was on it, for the contract was not illegal *per se*, but to it attached only the limitations upon its enforcibility, whether it had a surplus or not when the time came to discharge its obligation. (*Richards* v. *Wiener Co.*, 207 N. Y. 59.) The findings, made at the request of the defendant, to the effect that the payments made on account exceeded the surplus and that a further impairment of capital would be incurred by the payment of the balance of the obligation, were based upon the balance sheet of February 28, 1927. The contract made in April thereafter is not shown to be affected by any lack of surplus with which to pay it, nor is there any evidence to show that, apart from the initial payment under the contract, which, undisputedly, was made out of surplus, there was no surplus from which subsequent payments could be made. We, therefore, reverse defendant's proposed findings 12 and 13. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.