THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BIER-BAUM, Relator, *v.* EDGAR S. JENNINGS, as Warden of Auburn Prison, Respondent.

County Court, Cayuga County, February 19, 1930.

*Robert Bierbaum,* relator in person.

*Hamilton Ward, Attorney-General* [*Richard T. Anderson* of counsel], for the respondent.

MOSHER, J. The relator alleges that his sentence " for the term of his natural life * * * on an information under section 1943 of the Penal Law setting forth three previous convictions for felony on his own plea of guilty to them * * * is excessive and void and he must be returned to the custody of the Sheriff of Erie County for correction of sentence upon proof that one of the three convictions and judgment was suspended * * * and does not constitute a conviction within the meaning of section 1943 of the Penal Law," citing *People* v. *Schaller* (224 App. Div. 3).

Section 1943 provides that if at any time, either after sentence or conviction, it shall appear that a person convicted of a felony

has previously been convicted of crimes as set forth either in section 1941 or 1942 (a felony, or three times convicted of felonies, respectively, or attempts to commit them), it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions.

*People* v. *Fabian* (192 N. Y. 443, 452) held that the words "conviction" and "convicted" have two meanings; "that where the context of the statute refers to the successive steps in a criminal case, or any particular stage of such a prosecution as distinguished from the others, these words apply simply and solely to the verdict of guilty; but where the reference is as to the ascertainment of guilt in another proceeding in its bearing upon the status or rights of the individual in a subsequent case, then a broader meaning attaches to the expressions, and a 'conviction' is not established or a person deemed to have been 'convicted' unless it is shown that a judgment has been pronounced upon the verdict."

Where pains, penalties, fines, forfeitures and disqualifications follow upon conviction, then "conviction" means the sentence or judgment of the court entered upon the verdict or plea of guilty and proved by the record. (*People* v. *Herrick*, 13 Johns. 82; *People* v. *Whipple*, 9 Cow. 707; *Cameron* v. *Tribune Assn.*, 3 Silv. Supp. 581; *Sacia* v. *Decker*, 1 Civ. Proc. 47, 56; *People ex rel. Siebert* v. *N. Y. Police Comrs.*, 20 Hun, 333; *People* v. *Dorthy*, 20 App. Div. 308; *People* v. *Sullivan*, 34 id. 544; *Pitts* v. *Pitts*, 52 N. Y. 593; *Schiffer* v. *Pruden*, 64 id. 47; *Blaufus* v. *People*, 69 id. 107; *People* v. *McGloin*, 91 id. 241, 250; *People* v. *Fabian*, 192 id. 443; 126 App. Div. 89, 98; *People* v. *Marendi*, 213 N. Y. 600, 616.) The judgment is the legal and conclusive evidence of guilt. (*People* v. *Fabian, supra*, 448.)

The *Schaller* case held that in the absence of an express abrogation of the established rule of law that a conviction implies a final judgment or sentence, such rule must be applied in the case of a defendant charged as a fourth offender, and vacated a judgment imposing a life sentence where, after the defendant pleaded guilty, upon the recommendation of the district attorney the indictments were "placed upon file" and the defendant "discharged from custody;" it must be assumed, for good reason, something of weight in defendant's favor. (*People* v. *Fabian, supra*, 98.)

This rule is a salutary one, for before final judgment and sentence are pronounced a motion might be granted in arrest of judgment or for a new trial and it might turn out that the defendant was not guilty, in which event he should not be subjected to any punishment, direct or indirect, therefor.

In the case at bar, however, no such reason exists, for the guilt of the relator was conclusively established by a final judgment and sentence, from which there can be no appeal as the time limit therefor has long since expired, distinguishing this from the *Schaller* case in which the pronouncement of judgment was deferred.

The relator, under oath, in this hearing, admitted the truth of the record of the State Department of Correction thereof, as incorporated in the return: " Buffalo, New York, as Robert Bierbaum — July 28, 1919 — Assault 2nd degree. Sentenced to Auburn Prison for 1 year and 1 month. Sentence suspended and placed on probation," and testified that the judge said: " I sentence you to be confined in the Auburn State Prison for a period of 1 year and 1 month and I'll suspend execution of the sentence."

This was no suspended sentence, but a sentence actually imposed and only its execution suspended, which was within the discretion of the court, both at common law from the inherent power of the court over its own decrees, and also by statute. (*People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288; *People ex rel. Pasco* v. *Trombly*, 173 App. Div. 497, 499; *People ex rel. Schindler* v. *Kaiser*, 95 Misc. 681; *People* v. *Goodrich*, 149 N. Y. Supp. 406; *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493; Penal Law, § 2188, and Code Crim. Proc. §§ 470-a, 470-b, 483 and 487.) Said statutes recognize and preserve the distinction between a deferred sentence " when favorable or extenuating circumstances appear and when youths are convicted of their first offense " (*People ex rel. Forsyth* v. *Court of Sessions, supra,* 293) and a definite sentence actually pronounced, as here, upon a more hardened offender with a previous criminal record, and execution of that sentence of imprisonment suspended.

The pronouncement of sentence was a judgment which was final as to the trial court. (*Commonwealth* v. *McDermott*, 224 Penn. St. 363.) It completed the work of the court (*People ex rel. Dunnigan* v. *Webster*, 14 Misc. 617, 618) and it put an end to the case in that court (*Manke* v. *People*, 74 N. Y. 415, 424). It was a finality, and on principle and under the authorities, it meets the requirement that a final judgment and sentence are necessary to constitute a conviction.

Can it be reasonably said that final judgment and sentence cease or fail to constitute a conviction because execution thereof was suspended?

I find no reported decision on this precise point under the fourth offender law, but as to second offenders it has been held that the fact that the execution of sentence was deferred did not wipe out the guilt of the offense or restore the offender to his original position

before his conviction, or relieve him from the stigma or fact of that conviction, but only from the penal consequences and disabilities which follow it, and that his guilt having been judicially established, he will always be a convicted person, liable to indictment and to the greater measure of punishment provided for a subsequent offender, which the well being of the State demands where such perverse and unsocial tendencies are manifest in a subsequent offense. (*People ex rel. Cohen* v. *Rattigan*, 157 N. Y. Supp. 1003; affd., 172 App. Div. 957.)

The logic of *People* v. *Carlesi* (154 App. Div. 481, 487; affd., 208 N. Y. 547; affd., 233 U. S. 51) applies with even greater force :here, that the record of his conviction is not obliterated, nor the fact that he has been convicted, which is an element in determining the criminality of his subsequent offense which is rendered greater . because of his guilt established by his previous conviction and not at all lessened by the fact of suspension of the immediate execution of his sentence, which was based upon his guilt, but remitted the punishment and afforded him an opportunity to become a law-abiding citizen. (*People* v. *Price*, 53 Hun, 185; *Matter of* ——, *an Attorney*, 86 N. Y. 563; *People ex rel. Cosgriff* v. *Craig*, 195 id. 190; *People* v. *Sickles*, 26 App. Div. 470; affd., 156 N. Y. 541; *People* v. *Eighmy*, 78 id. 330, 333.)   The fact of conviction is part of his past history (*People* v. *Raymond*, 96 N. Y. 38, 41) to be considered in determining the measure of his punishment for subsequent offenses, conviction for which was not invalidated by suspension of the prior sentence. (*State* v. *Olson*, 200 Iowa, 660.)

It has been said that where a sentence is suspended so that the direct consequences of fine and imprisonment are suspended or postponed, temporarily or indefinitely, so also the indirect consequences are likewise postponed (*People* v. *Fabian* and *People* v. *Schaller, supra*), but there sentence had been suspended and the rule, by its very phraseology, was qualified and limited to cases " where sentence is suspended," and would have been *obiter dictum* if intended to be applied or extended to cases where sentence had been pronounced but execution thereof suspended, as at bar.

Under section 1942 it is not necessary to prove actual incarceration or that the relator was discharged from imprisonment after the completion of his term, as required by the statute construed in *Wood* v. *People* (53 N. Y. 511).   The language of this section contains no such limitation, which must be deemed to have been intentional, and any inference to be drawn therefrom is unfavorable to the relator. (*People* v. *Raymond* and *People* v. *Schaller, supra.*) The Legislature was careful here to require only that he had " been three times *convicted*."   If it had intended that punishment

should be considered it could have required proof that he had "been sentenced or *committed*" as it did in section 644 of the Penal Law. The omission of any reference to punishment indicates the legislative intent that only the fact of conviction is necessary to bring this case within the section. That is the acid test. (*People* v. *Boardman*, 172 App. Div. 733, 736.) It is not the punishment actually inflicted, but the crime (*People* v. *Whipple, supra*), the liability to punishment (*U. S.* v. *Watkinds*, 6 Fed. 152, analyzed in *People* v. *Fabian*, 192 N. Y. 443, 453), the infamy of the crime and the depravity of nature all evidenced by the conviction which controls. (*People* v. *Fabian*, 126 App. Div. 89, 104; 192 N. Y. 443, 448.) The fact that a merciful judge, indulging the vain hope that a defendant might reform and become a useful member of society, relieved him from the immediate consequences of that crime, did not eradicate or mitigate the fact of his guilt, aggravated by persistence in crime, and his good fortune in avoiding actual imprisonment after final judgment and sentence does not take his case out of the statute.

The *Schaller* case held that in providing life imprisonment for fourth offenders a new principle was involved — to remove permanently from society those whose settled habits seem to have led them to a fixed and definite career of crime, and the Legislature has provided, without reference to the punishment actually inflicted, that four convictions of felony conclusively establish that the offender is such an unregenerate and habitual criminal that the protection of society requires his permanent segregation.

This relator was placed on probation upon his promise to go straight, but his actions speak louder than words, and his undisputed record of three subsequent burglary convictions, on two of which he was released from prison by commutation and parole but each time, within a few months, convicted of another felony, demonstrates that neither punishment, nor suspension of punishment, has done him any good; that no reformation was effected, either by stringent or lenient measures; that he is a persistent criminal, toward whom mercy is misplaced, and by reason of this character of the man, thus shown by his conduct, greater severity of punishment is required, and he is brought squarely within the letter and spirit of the fourth offender law.

The Legislature could have excluded such cases from the operation of this statute, then or since, by changing the definition or construction of the word "conviction" from its accepted meaning, as it did by the enactment of section 470-b of the Code of Criminal Procedure concerning second offenders, but the failure so to provide indicates that the Legislature did not intend to abrogate

the established rule — once a conviction, always a conviction, and it is the duty of the court to refrain from judicial legislation and carry out what appears to be the general legislative design on the subject (*People ex rel. Murray* v. *Becker*, 78 Misc. 666), leaving any desired amendments to the orderly process of legislative action.

Section 21 of the Penal Law provides that the rule that a penal statute is to be strictly construed does not apply to said law or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law. (*People ex rel. Cohen* v. *Rattigan, supra.*)

The writ is dismissed and the relator remanded to the custody of the warden of Auburn State Prison.