THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT E. HAMMERSMITH, Appellant.

Fourth Department, April 30, 1930.

*Arthur E. Sutherland* and *Robert E. Hammersmith* in person, for the appellant.

*Clarence Unckless, District Attorney* [*William C. Martin, Assistant District Attorney*, of counsel], for the respondent.

THOMPSON, J. Defendant was convicted of the crime of criminally receiving stolen property as a fourth offense, and sentenced to life imprisonment. The indictment charged him with the crime of " criminally receiving stolen property, after three previous convictions within this State of felonies." In its recital of the particulars of the previous felonies, the indictment alleges that in the first conviction sentence was suspended and defendant was placed under probation. Defendant did not demur to the indictment or move to set it aside, but entered a plea of not guilty and proceeded to trial. On the trial he took the stand in his own behalf, and, in reply to questions put to him by his attorney, testified that in respect to the conviction upon which sentence was suspended he was afterwards brought into court and sentenced to the Elmira Reformatory. The verdict of the jury was guilty as charged in the indictment. From this conviction the defendant appealed to this court and the judgment of conviction was affirmed on November 9, 1928 (225 App. Div. 724). This is a motion by defendant, appellant, for a reargument of his appeal on the ground that the case of *People* v. *Schaller* (224 App. Div. 3), which holds that for the purposes of the Fourth Offender Law (Penal Law, §§ 1942, 1943, as respectively amd. and added by Laws of 1926, chap. 457) a suspended sentence

is not a conviction, was not called to our attention or considered by us in our determination of the appeal. In this he is in error.

The decision in the *Schaller* case was handed down June 8, 1928. Before our decision in the instant case it was called to our attention by both the district attorney and defendant, and was considered by us.

On or about December 8, 1928, appellant made application to Chief Judge CARDOZO of the Court of Appeals for permission to appeal to that court from our judgment of affirmance. Upon the request of Judge CARDOZO, the district attorney furnished him with a certified copy of the indictment, transcript of the testimony of the trial, the exhibits and copies of the briefs of both appellant and respondent used in the Appellate Division. Appellant's reply brief contained specific mention of the *Schaller* case, and we have no doubt that it was considered on that application. The application was later denied. On January 22, 1929, appellant made a similar application to Judge LEHMAN of the Court of Appeals who, upon being informed that Judge CARDOZO had denied a previous application, declined to consider it.

It will be seen that the matters in respect to which appellant asks for a reargument relate solely to the averment in the indictment of the conviction based on a suspended sentence. As has been said, there was no demurrer to the indictment nor motion to set it aside; neither was there a motion in arrest of judgment. Section 331 of the Code of Criminal Procedure provides that the objection that the facts stated in an indictment do not constitute a crime may be taken at the trial under a plea of not guilty and in arrest of judgment, and section 467 of the Code of Criminal Procedure provides that a motion in arrest of judgment may be founded on any of the defects in the indictment mentioned in section 331. Defendant having failed to demur, and having made no motion founded upon the indictment and the insufficiency thereof, his objections thereto were waived. (*People* v. *Willett*, 213 N. Y. 368; *People* v. *Wiechers*, 179 id. 459.)

The verdict that the jury rendered is equivalent to a general verdict of guilty and means guilty of the crime charged in the charging part of the indictment. It is not to be taken as a finding that the first felony ended with a suspension of the sentence and probation, for while the verdict is based on the indictment, in a larger sense it is based on the evidence, and as above pointed out, the testimony of defendant established that the suspended sentence later ripened into an executed judgment, thus taking the case out of the rule of *People* v. *Schaller* (*supra*).

Upon re-examination of the record, it is apparent that the points

upon which defendant desires again to argue his appeal were carefully considered on the argument, and in our disposition of this appeal. In no respect does defendant show himself entitled to a reargument, and the motion should, therefore, be denied.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Motion for reargument denied.