THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN DUFF, Defendant.

Court of General Sessions, New York County, June 24, 1930.

*Thomas C. T. Crain, District Attorney* [*William R. Maloney, Assistant District Attorney,* of counsel], for the plaintiff.

*John J. Cronin,* for the defendant.

DONNELLAN, J. The defendant has been indicted charged with a violation of section 1897 of the Penal Law. The first count of the indictment charges the defendant with criminally having and carrying a firearm concealed upon his person after having been convicted of a crime. The crime referred to was that of unlawfully entering a building, on which the defendant was convicted on the 5th of March, 1930, and on which sentence was suspended on March 14, 1930. The second count of the indictment charges the defendant with criminally having and possessing a firearm after having been convicted of the said crime.

The defendant demurs to the indictment on the ground that the facts stated do not constitute the crime of criminally possessing a firearm after having been convicted of a crime.

The defendant contends that there has been no judgment of conviction entered upon the crime of unlawfully entering a building, sentence having been suspended, and for that reason he has not been previously convicted of any crime, and, therefore, the alleged violation of section 1897 of the Penal Law is a misdemeanor and not a felony.

Under the provisions of section 1897 of the Penal Law, subdivisions 4 and 5, a person over the age of sixteen who shall have in his possession, or who shall have or carry concealed upon his person, any pistol, revolver or other firearm, without a written license therefor, shall be guilty of a misdemeanor, and " if he has been previously convicted of any crime he shall be guilty of a felony."

In *People* v. *Fabian* (192 N. Y. 443, 452) the court stated: " As to the numerous cases cited in the briefs of both parties to the present appeal, in which the words ' conviction ' and ' convicted ' are differently defined, it may be said generally that where the context of the statute refers to the successive steps in a criminal

case, or any particular stage of such a prosecution, as distinguished from the others, these words apply simply and solely to the verdict of guilty; but where the reference is to the ascertainment of guilt in another proceeding in its bearing upon the status or rights of the individual in a subsequent case, then a broader meaning attaches to the expressions, and a 'conviction' is not established, or a person deemed to have been 'convicted' unless it is shown that a judgment had been pronounced upon the verdict.  *  *  * "

In that case the Court of Appeals quoted from the dissenting opinion of Justice CLARK in the Appellate Division, as follows: " That ' where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that condition which is evidenced by sentence and judgment; and that where sentence is suspended and so the direct consequences of fine and imprisonment are suspended or postponed temporarily, or indefinitely, so also the direct consequences are likewise postponed.' "

In the case of *People* v. *Schaller* (224 App. Div. 3) it was held that within the meaning of sections 1942 and 1943 of the Penal Law, to constitute a conviction there must not only be a verdict or plea of guilty, but also a final judgment and sentence following the plea or verdict. In that case it was contended by the respondent that the rule of law to the effect that the word " conviction " as used in the statute implied the final judgment and sentence of the court had been abrogated by section 470-b of the Code of Criminal Procedure, which reads as follows: " If judgment be not pronounced as in the last section provided, nevertheless: 1. For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction and shall be pleaded according to the fact." The court held that this section applied only to cases involving a second offense, and refused to apply it to those charged with being fourth offenders.

In *People ex rel. Cohen* v. *Rattigan* (157 N. Y. Supp. 1003; affd., without opinion, 172 App. Div. 957) the defendant was given a definite sentence as a second offender, he having received a suspended sentence on a prior conviction. It was contended that he was not a second offender and should have received an indeterminate sentence by reason of the suspension of sentence on the first offense, the contention being that the suspension of sentence was not in law deemed to be a conviction. The court stated, after quoting section 470-b of the Code of Criminal Procedure, " thus it is apparent that an offender under a suspended sentence may be indicted as a second offender and mandatorily receive a definite

sentence of imprisonment for 'not less than the longest term nor more than twice the longest term prescribed upon a first conviction.' " It was further stated: " the fact that in some cases the imposition of judgment is deferred by the merciful discretion visited in the court and that judgment suspended during the offender's good behavior, does not relieve him from the stigma which did attach as a previous violator of the criminal law, or of the greater measure of punishment reserved for him, if he be again adjudged guilty of a felony. \* \* \*

" The suspension of sentence only means that the offender is relieved during good behavior of the penal consequences and civil disabilities that by process of law follow conviction. Among these is the right to the exercise of the franchise. It cannot be reasonably argued that the suspension of sentence wipes out the guilt of the offense, or places the offender in his original position prior to his conviction. His guilt, whether after trial or plea of guilty *has been judicially ascertained and determined,* and he remains for all time, even if he be pardoned by the executive power of the State, a convicted person, liable to indictment as a second offender and to punishment as such."

By the same line of reasoning I cannot see why the defendant herein should be benefited by reason of the clemency extended to him by a suspension of sentence on his prior plea. In other words, the illogical position taken by the defendant is that his present offense is merely a misdemeanor and not a felony because of the fact that on his prior plea of guilty or conviction the court had extended clemency to him.

The indictment herein charges the defendant with being a second offender and for that reason the provisions of section 470-b of the Code of Criminal Procedure apply and the " suspension of sentence \* \* \* shall be regarded as a conviction."

The indictment herein being for a felony does not cause the defendant to suffer any disability, disqualification or forfeiture. It merely increases the degree of the crime charged without necessarily increasing the penalty. Had the Legislature intended to make the provisions of section 1897 of the Penal Law apply only to those upon whom a judgment of conviction had previously been pronounced, it could easily have done so. In the event of a conviction of the defendant upon a trial under the indictment, he would be sentenced pursuant to the provisions of section 1935 of the Penal Law and not pursuant to the provisions of section 1941 of the Penal Law.

The demurrer is overruled.