THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB FRYER, Relator, *v.* JOSEPH H. BROPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.

Supreme Court, Cayuga County, November 11, 1933.

*John F. Bennett, Jr.*, Attorney-General [*Edward T. Boyle* of counsel], for the People.

*Jacob Fryer*, relator, in person.

KENYON, J. The relator, Jacob Fryer, is now confined for the term of his natural life, as a fourth offender, in the New York State Prison, at Auburn, N. Y., upon a conviction based upon his plea of guilty, as charged in the indictment, which indictment, dated December 8, 1926, charged him with the crime of burglary in the third degree and grand larceny in the second degree, after having been three times previously convicted of felonies. By a writ of habeas corpus he asks to have the sentence of natural life declared illegal.

The indictment sets up in full that on the 29th day of June, 1906, said Jacob Fryer, under the name of Harry Kramer, was in due form of law duly convicted in the Superior Court in the county of Santa Clara, Cal., of the crime of burglary upon a certain information then and there pending in said court against him, in that he did willfully, unlawfully and feloniously enter the dwelling house of one George Douglass, and whereupon the court did pronounce sentence that he be imprisoned in the State Prison in the State of California at San Quentin for a term of ten years, and that he was duly imprisoned thereunder; that said crime if committed within the State of New York would be a felony.

That on December 16, 1913, at Vera Cruz in the State of Pennsylvania he was convicted of feloniously and forcibly breaking and entering a certain building then and there used in part as a post office of the United States with intention to commit a crime therein, etc., on which conviction aforesaid he was sentenced and served a term of five years in the Eastern Penitentiary of Pennsylvania; that said crime if committed in the State of New York would be a felony.

That on the 7th day of December, 1914, the said Jacob Fryer, by the name of J. H. Fryer, was convicted of the crime of burglary and larceny at a court of Oyer and Terminer in the city of Allentown, Penn., upon the charge that he did with intent to steal willfully break and enter the post office, dwelling house and store of Allen Horlacher, upon which conviction he was sentenced to be imprisoned in the Lehigh county prison for the term of forty-six

days, to be computed from October 21, 1914, which sentence he served; that said crime if committed within the State of New York would be a felony.

That on the 4th day of August, 1926, in the town of Denmark, county of Lewis in the State of New York, the said Jacob Fryer did feloniously and burglariously break into and enter a store owned by Ezra Karcher and Jesse Karcher with intent to commit a crime therein. This is the charge that brings him into court.

At the time the relator pleaded guilty to the Lewis county indictment just referred to he made the following statement: " I have been convicted of crime as follows: Burglary in 1st degree, California — ten years, Penitentiary; Burglary 1st degree, Pennsylvania, forty-six days; Pennsylvania, Burglary 1st degree, five years in the Eastern Penitentiary."

The certificate of conviction further reads: " Whereupon it is adjudged by the Court that the defendant be confined in the Auburn States Prison at Auburn, New York for the term of his natural life."

In his petition in this proceeding the relator contends that the California conviction is illegal because it was founded upon an information and not upon an indictment and that, therefore, a sentence of natural life as a fourth offender is illegal.

After careful consideration it would seem that the conviction as a fourth offender and the sentence that he be imprisoned for the rest of his natural life therefor is legal.

It is possible to arrive at this conclusion upon either one of two premises.

At the time of the commission of the crime charged in the indictment the law of the State of New York concerning punishment for the fourth conviction of a felony as set forth in section 1942 of the Penal Law of the State of New York, provided as follows: " A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section." This section in this form became a law July 1, 1926.

The indictment in this case charged the relator, Jacob Fryer, with the crime of burglary in the third degree and grand larceny

in the second degree after having been three times convicted of felonies. To the indictment in this form the relator entered a plea of guilty.

This Department held in the case of *People* v. *Hammersmith* (229 App. Div. 385), wherein the defendant was convicted by a jury upon an indictment charging the defendant as a fourth offender with having committed the crime of criminally receiving stolen property, having been three times previously convicted in this State of felonies, the indictment alleging that on the first conviction sentence was suspended and the defendant placed upon probation, that the defendant having failed to demur to the indictment, or to make a motion in arrest of judgment, pursuant to sections 331 and 467 of the Code of Criminal Procedure, had waived his objections to the indictment, and that the conviction and sentence were legal and should stand.

The relator in this case having entered a general plea of guilty to the Lewis county indictment which charged among other things that in the Superior Court in the county of Santa Clara in the State of California, on the 29th day of June, 1906, he, the said Jacob Fryer, was in due form of law duly convicted of a felony, to wit, the crime of burglary upon a certain information then and there pending in the said court against him, etc., without having demurred to the form of the indictment and the substance thereof, and not having made a motion in arrest of judgment, waived any objections thereto.

Again in answer to the relator's contention that his conviction in the State of California, upon an information, of the crime of burglary cannot be regarded as a legal conviction in the State of New York, and that, therefore, his conviction and sentence as a fourth offender is illegal, is untenable. Section 1942 of the Penal Law dealing with substantive law, *i. e.*, the nature of the previous crime committed in another State or country, must be analyzed for the purpose of inquiring whether if the same acts which constituted the crime were performed in the State of New York they would constitute a felony within some definition of a crime set forth by the Penal Law of the State of New York.

Statutes which provide the manner of conviction are remedial in their nature. It is true that the State of New York has held that a conviction upon an information only, which is not based on an indictment, is unconstitutional.* Other States provide that a conviction upon an information without the investigation of a grand jury and a resulting indictment may be had. The State of California has by its Constitution so provided. The relator's conviction in 1906 was in the State of California. In the case

---

* *People ex rel. Battista* v. *Christian* (249 N. Y. 314).

of *Hurtado* v. *California* (110 U. S. 516, at p. 538 of the prevailing opinion written by MATTHEWS, J.) we find, " Tried by these principles, we are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information, after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced by the prosecution, is not due process of law. \* \* \* It is merely a preliminary proceeding, and can result in no final judgment, except as the consequence of a regular judicial trial, conducted precisely as in cases of indictments." The case holds generally that a conviction upon an information for murder in the first degree and a sentence of death thereon is not illegal by virtue of that clause of the Fourteenth Amendment of the Constitution of the United States which prevents the States from depriving any person of life, liberty or property without due process of law. The Constitution of the State of California, adopted in 1879, in article 1, section 8, provides as follows, " Offences heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law."

Therefore, in the State of California the relator's conviction in 1906 was legal.

The Supreme Court of the United States has held that a conviction founded upon an information without the intervention of indictment is legal.

The indictment under which the relator entered the plea of guilty, which charged him with being a fourth offender, referred to the California conviction and charged that he was in due form of law duly convicted of burglary upon a certain information pending in the Superior Court of the county of Santa Clara, Cal., and it must be assumed, therefore, by his plea of guilty that his conviction in the State of California was in accordance with the then existing laws of the State of California. In the case of *Hurtado* v. *California* (*supra*) the United States Supreme Court has recognized such a conviction as legal. (See, also, *Bolln* v. *Nebraska*, 176 U. S. 83.)

For these reasons, the relator's conviction as a fourth offender was legal.

The writ is, therefore, dismissed, and the relator remanded to the custody of the warden of the New York State Prison, at Auburn, N. Y., to complete his sentence.

Let an order be entered accordingly.