THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN TODAK, Plaintiff, *v.* WILLIAM HUNT, Warden of Attica State Prison, Defendant.

County Court, Wyoming County, October 29, 1934.

*A. Stanley Copeland,* for the relator.

*John J. Bennett, Jr., Attorney-General* [*George R. Van Alstyne, Assistant Attorney-General,* of counsel], for the defendant.

CONABLE, J. The relator was indicted by the grand jury of the county of Chenango on October 19, 1933, for the crime of burglary in the third degree. The indictment charged the defendant and one John Doe, whose name was to the grand jury unknown, designated as " John Doe," willfully, wrongfully and unlawfully in the village of Greene, Chenango county, N. Y., wrongfully and

unlawfully, did break and enter into a building, to wit, the Maxson Feed Store building with intent to commit a crime therein, to wit, larceny, said John Doe actually breaking and entering into said building and the defendant John Todak being there present and a principal and aiding, assisting and abetting in said transaction, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York.

Said indictment was defective, in that it utterly failed to give any date when it was charged that the crime was committed.

To this indictment the relator pleaded guilty. He did not demur to the indictment, or make any request for a bill of particulars, or make any motion in arrest of judgment. He was sentenced to a term of two years and six months, and later proceedings were taken, as a result of which a sentence of not less than five nor more than ten years was added to his sentence upon proof that, at the time of the commission of the crime, he was armed with a revolver.

Upon the return of the writ the relator for the first time has challenged the sufficiency of the indictment. He claims that it was not effectual to give the County Court of Chenango county jurisdiction, and that all proceedings under the indictment were absolutely void, and that he is now entitled to his discharge. Relator relies principally upon the case of People v. Reiser (240 App. Div. 36), holding void an indictment which did not charge that the crime, under consideration in that case, was committed by the defendant within five years prior to the date of the indictment. In that case the question arose upon a motion made in arrest of judgment.

It has been variously held that defects in indictments are waived if the defendant fails to demur, to try out the sufficiency of the indictment upon a plea of not guilty, or to move in arrest of judgment. It has been held that, under such circumstances, the defendant has waived even his right to question whether or not the indictment charges acts constituting a crime. In the case of People v. Wiechers (179 N. Y. 459) it was held that the question of whether or not the indictment charged acts constituting a crime could not be raised for the first time on appeal.

In the case of People v. Hammersmith (229 App. Div. 385) it was held, upon a motion for reargument of an appeal, that the sufficiency of the indictment could not be inquired into.

In the case of People ex rel. Schneider v. Hayes (108 App. Div. 6) it was held that the question of whether or not the count of the indictment upon which the defendant in that case pleaded guilty charged a crime could not be inquired into upon a writ of habeas corpus.

In the case of *People ex rel. Childs* v. *Knott* (187 App. Div. 604; affd., 228 N. Y. 608) relator was held upon a commitment, having been indicted for violating certain sections of the Election Law. He obtained a writ of habeas corpus, and claimed in that proceeding that the indictment was null and void because the acts charged therein did not constitute a crime. The Special Term held the indictment invalid and sustained the writ. The Appellate Division, First Department, reversed, holding that the sufficiency of the indictment in such a case could not be tested in a habeas corpus proceeding. This holding was arrived at, however, after a discussion in the prevailing opinion of the sufficiency of the indictment and a statement of the conclusion that it did charge the commission of acts constituting a crime. Justice CLARKE concurred with the majority of the court, but solely upon the ground that the indictment was not before the court. Justice PAGE dissented, being of the opinion that the acts charged therein did not constitute a crime, and that the relator, being confined for acts constituting no offense known to the law, was entitled to his discharge.

The Court of Appeals affirmed, holding in effect that the question of whether the acts charged came within the provisions of the Penal Law (§ 751, subd. 12) could not be raised by habeas corpus. The opinion contains the following statement: " The court in which the indictments were found and presented has jurisdiction of this class of offenses, and must in the first instance determine the validity of the indictments. If every question regarding the sufficiency of an indictment were reviewable by habeas corpus, the practice as outlined in the Code of Criminal Procedure would soon be a nullity."

This statement in the opinion is modified, however, by the paragraph immediately following: " There may be cases where the crime charged or the facts stated are so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus. In a case like this, however, the proper procedure is by demurrer or motions in the trial court."

It is clear that in the case before us the County Court of Chenango county had general jurisdiction of the offense of burglary in the third degree committed within that county. The acts charged were not manifestly innocent but constituted a crime. The indictment was seriously defective, in that it did not specify the time when the crime was charged to have been committed. It was, however, in my opinion, sufficient to give the court jurisdiction to proceed, if the defect was waived.

The relator might have demanded a bill of particulars as provided by section 295-g of the Code of Criminal Procedure. Had he done so, the court would have been bound to require the district attorney

to file a bill of particulars supplying the defect of which he now complains. This is true, even though the simplified form of indictment provided for by sections 295-d and 295-e was not attempted to be used. (*People* v. *Florence,* 146 Misc. 152; modfd., Id. 735.)

The case of *People* v. *Bogdanoff* (254 N. Y. 16, 19) contains an interesting discussion of indictments, which to my mind gives considerable light upon the question here under discussion. In that case the indictment framed in accordance with the so-called simplified form charged the defendant with "murder in the first degree contrary to Penal Law, section 1044." It evidently gave no details whatever either of the time or place. The district attorney filed a bill of particulars which stated briefly the date and place of the killing and the name of the victim and that he was killed by shooting.

No further bill of particulars was required, and the defendant was convicted. Upon appeal, the constitutionality of section 295-d was challenged and the jurisdiction of the court; it being argued that the indictment did not proceed out of the determination of the grand jury but was the act of the district attorney. While the court seems disposed to disapprove the use of the so-called simplified indictment, if I read correctly the opinion it holds that the essential of an indictment within the meaning of the Constitution (Art. 1, § 6) is simply "that a written accusation of a crime must be presented by the grand jury before an accused may be held for trial upon a charge of felony;" that, if the indictment fills only this requirement, the court has jurisdiction, and the details of time, place and manner of the commission of the crime may be supplied by a bill of particulars. It may be that extraneous evidence may be necessary to show which of several crimes was intended by the grand jury, but the accused should not be heard to complain that a constitutional right has been infringed by the form of an indictment if that form does not preclude the accused from asserting in some manner every substantial right he may have. At page 31 the opinion contains the following paragraph: " It is said that at times a defendant may not choose to request a bill of particulars to supplement the form of indictment used, and that then the record would not show the specific crime for which the defendant has been indicted. That may be true, but a voluntary failure to assert a right provided by statute constitutes a weak foundation for a claim that the statute deprives the accused of a constitutional right. (*Patton* v. *United States,* 281 U. S. 276.) "

From a consideration of the foregoing authorities, it would seem to me that the indictment of the relator by the grand jury of Chenango county was sufficient in the first instance to give the court

jurisdiction; that the defendant by his plea of guilty and failure to move in arrest of judgment, waived the defect in the indictment. The cases above cited seem to hold unequivocally that such waiver may be made even in a case where the indictment fails specifically to charge acts made criminal by the Penal Law. *A fortiori*, it would seem that, where acts criminal, such as burglary, are charged, a defect in detail, such as the omission of the date, may be waived.

From the authorities, I conclude that in this case the indictment of the relator by the grand jury of the county of Chenango was sufficient to give the court jurisdiction, that the relator has waived the defect in the indictment, and that in this proceeding it must be regarded as valid. The relator being held by virtue of a final judgment of a court of competent jurisdiction, the writ must be dismissed. Let an order be prepared accordingly.