THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN GOHO, Respondent.—

Memorandum: The indictment accuses the defendant-respondent of the felony of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 70, subd. 5), in that he feloniously drove an automobile on September 4, 1942, while in an intoxicated condition, he having theretofore · and on or about October 3, 1936, been convicted in the City Court of Rochester, Criminal Branch, of the crime of operating a motor vehicle while in an intoxicated condition and having received a thirty-day sentence in the Monroe County Penitentiary, which sentence was suspended. Defendant demurred to the indictment and his demurrer was sustained upon the ground that, sentence having

been suspended upon the 1936 conviction, he came within the rule enunciated in the following cases: *People* v. *Fabian* (192 N. Y. 443); *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249); *People ex rel. LaPlaca* v. *Murphy* (252 App. Div. 827, affd., 277 N. Y. 581); *People ex rel. Brooks* v. *Warden* (175 Misc. 663). We think that the foregoing cases are inapplicable (see *People* v. *Duff*, 137 Misc. 352) and that the case at bar is controlled by section 470-b, subdivision 1, of the Code of Criminal Procedure, which reads: " 1. For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact." All concur. (The order sustains a demurrer to an indictment and dismisses the indictment.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.