Maurice W. McCann
(Yates County Judge and Acting Judge for Monroe County). On the 21st day of April, 1955, defendant-petitioner was convicted upon his plea of guilty to assault in the second degree, and received a suspended sentence. He now claims this to he a youthful offender conviction.
The stenographic record shows that on February 20, 1956, he was convicted of the crimes of attempted grand larceny in the first degree and assault in the second degree and was on that day sentenced as a second felony offender and ordered committed to the Elmira Eeception Center, to be classified and transferred to a State institution to be imprisoned for a term of 7% to 10 years for the crime of attempted grand larceny in the first degree. He received a sentence of 5 to 10 years on the assault in the second degree conviction — this sentence to run concurrently with the attempted larceny sentence.
Defendant-petitioner contends that he should be returned to this court and be resentenced on the February 20, 1956 conviction as a first felony offender, on the ground that the 1955 conviction was a youthful offender conviction, and on the further ground that there having been a suspended sentence, there was no conviction to sustain a second felony information.
An examination of the stenographic minutes of the arraignment on the April 21, 1955 conviction plainly shows that there was no youthful offender conviction. The record does show that defendant-petitioner’s counsel asked for a preliminary investigation to be considered as a youthful offender, but fails to show anything further concerning it, and does conclusively show that he pleaded guilty to assault in the second degree as it appears from the following excerpt of the minutes:
“ Mr. Berger: At the time the Grand Jury indictment here was returned, the police records indicate that the defendant’s age was twenty-one. We have a birth certificate which indicates that at the time the alleged crime was committed, this defendant was eighteen years of age and under the circumstances I am applying now for preliminary investigation to determine whether this boy is eligible to be treated as a youthful offender.
“The Court: Very well, preliminary investigation ordered and the matter is adjourned to April 21st.
‘ ‘ April 21, 1955:
‘ ‘ Appearances :
“For the People — John C. Little, Jr., Esq., Asst. District Attorney
“ For the defendant — Curtis J. Berger, Esq.
*466 “ Mr. Little : You are Theodis Radcliffe?
“ Defendant : Yes.
“ Mb. Little : Appear here by and with your attorney, Mr. Berger?
“ Defendant : Yes.
‘ ‘ Mb. Little : You have previously interposed a plea of not guilty to Indictment 36 returned by the Monroe County Grand Jury on March 1, 1955, wherein among other counts, you were charged with the crime of Assault Second Degree in the fifth count of that indictment. Do I understand this morning that you wish to withdraw your plea of not guilty in so far as it applies to the fifth count, as it applies to the crime of Assault in the Second Degree?
“ Defendant : Yes.
1 ‘ Mr. Little : How do you plead this morning to the crime of Assault Second Degree, guilty or not guilty, which is an assault on Luther Graham, set forth in the fifth count of Indictment No. 36 filed by the Grand Jury on March 1, 1955?
‘ ‘ Defendant : Guilty. ’ ’
The record thus shows conclusively that defendant-petitioner was convicted of a felony on his plea of guilty thereto. The fact that there was a sentence imposed and its execution was suspended does not render it incapable of being used as a conviction to be counted or used in the sentence under the second felony conviction of February 20, 1956, and which defendant-petitioner is now serving. (See People ex rel. Bierbaum v. Jennings, 135 Misc. 809.)
Defendant-petitioner’s application is denied.
Submit order.