THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT LOUIS LOZZI, Respondent, against EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, June 2, 1958.

*Louis J. Lefkowitz,* Attorney-General (*John R. Davison, Manuel T. Murcia* and *Allan N. Smiley* of counsel), for appellant.

*Morton N. Wekstein* for respondent.

*Per Curiam.* Relator-respondent was convicted in the County Court, Westchester County, upon his plea of guilty to an indictment accusing him of burglary in the third degree. An information was filed by the District Attorney charging him with two previous felony convictions. He admitted that he was the same person as charged in the information, whereupon he was sentenced, as a third felony offender, to serve an indeterminate term of from 5 to 20 years. On each of the previous convictions sentence had been imposed but the execution of the judgment had been suspended. On one of them the suspension was revoked on his violation of probation, and the judgment was executed.

The question presented is whether a person who has been twice convicted of a felony, upon which convictions sentence has been imposed, but upon one of which the execution of the judgment has been suspended, may, on a subsequent conviction, be classed as a third offender under section 1941 of the Penal Law.

Although a previous felony conviction upon which sentence has been suspended may be used as the basis for imposing the additional punishment prescribed by section 1941 in the case of a second felony offender (Code Crim. Pro., § 470-b), it is now settled that a person who has been twice convicted of a felony, but who has received a suspended sentence on one of such convictions, may not on a subsequent conviction be classed as a third offender under section 1941 (*People v. Shaw,* 1 N Y 2d 30), nor may a person on the basis of three previous convictions, on one of which sentence has been suspended, be sentenced under section 1942 of the Penal Law as a fourth felony offender (*People ex rel. Marcley v. Lawes,* 254 N. Y. 249). In the case of a person accused of being a third or a fourth offender, the finality of a judgment is necessary to establish each of the previous convictions (*People v. Shaw, supra; People ex rel. Marcley v. Lawes, supra; People v. Schaller,* 224 App. Div. 3, 7). Where there is a conviction but sentence has been suspended, there is no judgment (*People v. Shaw, supra; People v. Harcq,* 292 N. Y. 321).

For the purpose of determining whether relator-respondent is a third offender, within the meaning of section 1941, we are

required to ascertain whether any valid distinction may be made between a plea or verdict of guilty followed by a suspended sentence, and a plea or verdict followed by the suspension of execution of judgment, after sentence.

The Attorney-General contends that a distinction must be made. It is his position, based to a great extent, if not entirely, on *People ex rel. Bierbaum* v. *Jennings* (135 Misc. 809), that in the instant case sentence was actually pronounced on each of relator-respondent's previous convictions, that each sentence so pronounced constituted a judgment, and that it is of no consequence that on one occasion the judgment so pronounced was suspended (see Code Crim. Pro., § 470-a).

The argument is persuasive and is supported by the cited determination. However, it may not be sustained. Controlling authority requires a contrary conclusion. (See *People ex rel. Jobissy* v. *Murphy,* 244 App. Div. 834, affd. 268 N. Y. 695; *People ex rel. La Placa* v. *Murphy,* 252 App. Div. 827, affd. 277 N. Y. 581.)

The question was squarely presented in the *La Placa* case (*supra*). La Placa had been sentenced as a fourth felony offender in the County Court, Steuben County, although on one of three previous convictions sentence had been imposed and the execution thereof had been suspended. The Appellate Division (3d Dept.) modified the order dismissing a writ of habeas corpus, set aside the sentence, and directed that La Placa be returned to the County Court for resentence, holding that the alleged conviction upon which the execution of sentence had been suspended "was not a previous conviction as a basis for sentence as a fourth offender within the intent of section 1942 of the Penal Law" (252 App. Div. 827). The determination by the Appellate Division was made on the authority of its own previous decision in the *Jobissy* case (*supra*) and of *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249, *supra*). In the latter case the majority of the Court of Appeals had referred to its previous citation with approval (*People* v. *Fabian,* 192 N. Y. 443) of a dissenting statement in the Appellate Division (*People* v. *Fabian,* 126 App. Div. 89, 105) that "where sentence is suspended, and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed." In the Court of Appeals the identical argument was made for reversal as is presented here, and the *Bierbaum* case (135 Misc. 809, *supra*) was cited as an excellent statement of the law. La Placa, respondent in the Court of Appeals, argued that the judgment, execution of which had been suspended, lacked the finality

necessary to sustain his conviction as a fourth offender, citing, *inter alia, People* v. *Schaller* (224 App. Div. 3, *supra*). The Court of Appeals affirmed without opinion (277 N. Y. 581).

That determination, in our opinion, is conclusive here. Although the legal conclusions reached by a court are not necessarily adopted and approved on appeal where the judgment or order is affirmed without opinion, such an affirmance does constitute an approval of the determination made of essential issues (*Rogers* v. *Decker,* 131 N. Y. 490). The only issue decided in the *La Placa* case arose on La Placa's claim, disputed by the People, that one of the three previous convictions alleged against him was not, as a matter of law, a previous conviction within the meaning of section 1942 because execution of the sentence imposed thereon had been suspended. Insofar as the record discloses, it was not claimed that his sentence as a fourth offender was invalid for any other reason, and no other question was argued in the Court of Appeals. Although the determination of that issue involved the construction of section 1942 of the Penal Law, its rationale must be applied where a person has been sentenced under similar circumstances as a third offender under section 1941 (*People* v. *Shaw,* 1 N Y 2d 30,.34, *supra*).

The order should be affirmed, without costs.

Present— NOLAN, P. J., BELDOCK, MURPHY, UGHETTA and KLEINFELD, JJ.

Order unanimously affirmed, without costs.