MRS. S. E. BRITTIAN v. THE STATE.

No. 5448.   Decided June 18, 1919.

**1.—Local Option—Enhanced Punishment—Indictment—Same Offense.**

Where, upon trial of a violation of the local option law, under Article 1620, Branch's Ann. P. C., alleging repetition of the offense, defendant was given a life sentence, and defendant's motion in arrest of udgment was overruled. Held, that the motion should have been sustained, as the indictment was not sufficient in its allegations of a repetition of the offense. Following Kinney v. State, 45 Texas Crim. Rep., 500, and other cases.

**2.—Same—Pleading—Description of Offense.**

Where the indictment charged that the three convictions mentioned in the second count, or enhancing allegations, were for unlawfully selling intoxicating liquors, the same did not charge a violation of the law, as selling intoxicating liquors is not an offense *eo nomine*.

Appeal from the District Court of Shelby. Tried below before the Hon. Chas. L. Brachfield.

Appeal from a violation of the local option law and a repitition of the offense; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Sanders & Sanders* for appellant.—On question of insufficiency of indictment: Neece v. State, 62 Texas Crim. Rep., 378; Linney v. State, 47 id., 496; Muckenfuss v. State, 55 id., 216; Collings v. State, 75 Texas Crim. Rep., 534, 171 S. W. Rep., 729, and cases cited in the opinion.

*E. A. Berry*, Assistant Attorney General, for the State, and *J. P Anderson*, County Attorney, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given a life sentence for violation of the local option law, her punishment being enhanced by reason of prior convictions under Article 1620, Branch's Ann. P. C.

In the first count the indictment charges a violation of the local option law, and in the second, to increase and enhance the punishment on account of repetition of offense under said article, the following allegations were included:

"And the Grand Jurors do further present that prior to the commission of the aforesaid offense by the said Mrs. S. E. Brittian, to-wit: on the 27th day of August, A. D. 1915, in the District Court of Shelby County, Texas, and on August 26th A. D. 1918, and on August the 26th, 1914, the said Mrs. S. E. Brittian was duly and legally convicted in the District Court of Shelby County, State aforesaid, of the same felony hereinbefore charged against her, to-wit:

'Unlawfully selling intoxicating liquors,' upon an indictment pending in said last named court and of which offense the said court had jurisdiction.''

Motion in arrest of judgment was overruled, but should have been sustained. Under all the authorities this indictment is not sufficient wherein it undertakes to charge a repetition of offenses and previous convictions. Branch's Ann. P. C., 2781; Kinney v. State, 45 Texas Crim. Rep., 500; Kinney v. State, 47 Texas Crim. Rep., 496; Neece v. State, 62 Texas Crim. Rep., 378; Collins v. State, 75 Texas Crim. Rep., 534. To allege that the prior offense or offenses is or are the same offenses does not meet the requirements of the law. Convictions for the same offense occurring on three different times, including four years, would seem to state an impossibility, and certainly would interfere very seriously with the question of jeopardy. See Kinney v. State, 45 Texas Crim. Rep., 500. There must not only be prior offenses but prior convictions, not of the same offense, but of an offense of a like character as that for which the accused is being tried. It is necessary, therefore, that the indictment should charge the prior convictions to secure such enhanced punishment under said Article 1620, P. C., and these prior convictions must not be for the same but for other offenses, and these convictions must be legal and finally dispose of the case under which such convictions were secured. Branch's Ann. P. C., p. 1533, Sec. 2782; Branch's Ann. P. C., Art. 27, p. 9, Sec. 17, where the cases are collated. Therefore, such convictions mean a final disposition of the case. If the judgment for any reason be set aside and another trial awarded, there could be no conviction within the meaning of the law under Article 1620, *supra.* If the party be found guilty by the verdict of the jury and judgment entered, and later set aside and a new trial awarded, there would be no conviction; or if there be a conviction and sentence, and on appeal the judgment should be reversed, there would be no conviction. The statute expressly provides that under such conditions the case would stand as if no conviction had occurred. Under our law there may be a suspended sentence awarded by the jury. In such case there would be no final conviction. Ex parte Coots, 212 S. W. 173, recently decided. Where suspended sentence has been awarded, there can be no sentence, and the party is not punished, unless for some reason the suspended sentence be set aside as authorized by the statute. Again, the indictment charged that the three convictions mentioned in the second count or enhancing allegations were for ''unlawfully selling intoxicating liquors.'' If the indictment in those cases so averred, there would be no offense charged. The simple allegation of unlawfully selling intoxicating liquors does not charge a violation of the law that would form the predicate of conviction or sentence. Such a statement of offense as that would not be even valid in a recognizance as stating any offense. Selling intoxicating liquors is not an offense *eo nomine,*

and in order to make the sale of intoxicating liquors an offense some statute must be followed in charging that offense. The Legislature has passed quite a number of statutes making it punishable to sell intoxicating liquors, some in local option territory, and some in non-local option territory, but in all of those statutes the offense has been defined. The pleader in charging the offense in the indictment must follow the statute under which he seeks a conviction. Wherever it is thought necessary or proper to denounce punishment for selling intoxicating liquors, the offense has been defined. Some of these constitute felonies and others misdemeanors.

There are other interesting questions some of which are rather far reaching in importance, but inasmuch as the indictment charges no offense against the law and can not from the basis of a judgment of conviction, the other matters are not discussed.

The indictment being wholly insufficient to charge an offense, and especially the offense of which the appellant was convicted, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed*