THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN FURY, Respondent, and FRANK MILLER and ANTHONY OLLIS, Defendants.

Argued December 2, 1938; decided January 10, 1939.

*Daniel J. O'Mara, District Attorney* (*Clarence J. Henry* of counsel), for appellant. The defendant-respondent was properly adjudged a second offender within the meaning of section 1941 of the Penal Law. (*People* v. *Rhoner*, 4 Park. Cr. Rep. 166; *People* v. *Peabody*, 25 Wend. 472; *Fox* v. *Ohio*, 5 How. 410; *Matter of Geisler*, 50 Fed. Rep. 411; *Matter of Truman*, 44 Mo. 181; *People* v. *Welch*, 141 N. Y. 266; *People* v. *Carlesi*, 154 App. Div. 481; 208 N. Y. 547; *Matter of Loney*, 134 U. S. 372; *United States* v. *Arjona*, 120 U. S. 479; *Commonwealth* v. *Fuller*, 8 Metc. [Mass.] 313; *Harlan* v. *Michigan*, 1 Dougl. [Mich.] 207; *People* v. *White*, 34 Cal. 183.)

No appearance for respondent.

FINCH, J.   The defendant-respondent, John Fury, was convicted of the crimes of burglary in the third degree and grand larceny in the first degree.   Subsequently he was charged with being a second felony offender within the meaning of section 1941 of the Penal Law, in that he had previously been convicted in a United States District Court for the Western District of New York of the crime of uttering a counterfeit Federal reserve bank note in violation of section 265 of title 18 of the United States Code, and he was sentenced to serve, as a second felony

offender, a term of from ten to twenty years on each charge of which he was convicted, the sentences to be served consecutively.

The Appellate Division affirmed the judgment of conviction except in so far as the adjudication and sentence as a second felony offender was concerned, and entered an order that the defendant be brought before that court for the correction of the judgment and his sentence as a second offender, by resentence as a first felony offender. The Appellate Division sentenced him to serve a term of from five to ten years on each charge, the sentences to be served consecutively.

The provision concerning second felony offenders is to be found in section 1941 of the Penal Law. That section provides that " A person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, *of a crime which, if committed within this state, would be a felony*, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows: * * *." (Italics interpolated.)

If the crime for which the defendant was convicted in the Federal courts is one for which he might have been convicted of a felony under the laws of this State, this section is applicable. As noted above, defendant was convicted in the Federal courts of the crime of uttering a counterfeit Federal reserve bank note.

Does this constitute a crime under our Penal Law? Section 881 of the Penal Law makes it a crime for any person to dispose of or put off as true, or to have in his possession with intent so to utter:

" 3. A forged will, deed, certificate, indorsement, record, *instrument or writing, or other thing*, the false making, forging, or altering of which is punishable as forgery. Is guilty of forgery in the same degree as if he had forged the same." (Italics interpolated.)

We must turn then to the provisions concerning forgery to determine whether a Federal reserve bank note is included as a " certificate  *  *  *  instrument or writing, or other thing, the false making, forging, or altering of which is punishable as forgery  *  *  *." In section 884 we find, included as instruments, the forging of which constitutes forgery in the first degree,

" 3. A certificate, bond, paper writing, or other public security issued or purporting to have been issued by or under the authority of this state, or of the United States, or of any other state or territory of the United States, or of any foreign government, country or state, or by any officer thereof in his official capacity, by which the payment of money is promised absolutely or upon any contingency, or the receipt of any money or property is acknowledged, or being or purporting to be evidence of any debt or liability, either absolute or contingent, issued or purporting to have been issued by lawful authority."

" 5. A  *  *  *  bank note  *  *  *  or other obligation or evidence of debt, issued or purporting to be issued by any bank, banking association or body corporate existing under the laws of this state, or of the United States,  *  *  *  promising or purporting to promise or agree to the payment of money, or the performance of any act, duty, or obligation."

The act of uttering a counterfeit Federal reserve bank note thus clearly constitutes a violation of the Penal Law of this State, and such an act is a felony. (Cf. *People* v. *Rhoner*, 4 Park. Crim. Rep. 166.)

The case of *People* v. *Gutterson* (244 N. Y. 243, 250) involved an offense which was " cognizable only by the laws of the United States," and was not one which was a crime under the laws of this State. In the case at bar the crime itself under the Federal law is the same as that under the State law. In both jurisdictions the crime is the uttering of counterfeit bank notes.

The fact that the Federal government has made the uttering of counterfeit bank notes a crime does not bar the State from including a similar crime in its Penal Law. The jurisdiction of Federal courts over such crime is not exclusive unless Congress enacts legislation taking away the jurisdiction of the courts of the State. (See *People* v. *Welch,* 141 N. Y. 266, 277; *United States* v. *Lanza,* 260 U. S. 377.) It has long been decided that both governments may have concurrent jurisdiction over the emission of counterfeit moneys. (See *Sexton* v. *California,* 189 U. S. 319, 322, 323; *Fox* v. *Ohio,* 46 U. S. [5 How.] 410; *People* v. *Carlesi,* 154 App. Div. 481; affd., 208 N. Y. 547; *United States* v. *Arjona,* 120 U. S. 479; *United States* v. *Marigold,* 50 U. S. 560, 569.) Congress has expressly provided, concerning the statute making this act a crime, that it should not " be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." (U. S. Code, tit. 18, § 547.)

The judgment of the Appellate Division, in so far as it amends the judgment of the County Court, should be reversed, the sentence of the defendant by the Appellate Division vacated, and the judgment of the County Court affirmed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.