THE STATE OF OHIO, APPELLEE, *v.* BALDASARRO, APPELLANT.*

*Motion to certify the record overruled December 18, 1957. Appeal dismissed, 167 Ohio St., 155.

*Mr. Russell Leach,* city attorney, and *Mr. Bernard T. Chupka,* city prosecutor, for appellee.

*Mr. William B. Bartels* and *Mr. George E. Tyack,* for appellant.

PETREE, P. J. This case originated in the Columbus Municipal Court, where defendant, appellant herein, was convicted and sentenced for a misdemeanor.

That conviction was affirmed on May 21, 1957, by an entry signed by Judge Robert E. Leach, which entry ordered that a special mandate be sent to the Columbus Municipal Court to carry its judgment into effect. This entry is in accord with a written opinion in said case, No. 187,812 in the Common Pleas Court, which was filed by Judge Reynolds on October 8, 1953. The entry of May 21, 1957, remanding the case to the Municipal Court, has never been vacated.

Notice of appeal was filed in the Common Pleas Court on September 3, 1957. A copy of this notice of appeal has been furnished the Court of Appeals and contains the same language except that it is styled, ''In The Court of Appeals of Franklin County, Ohio,'' and bears the number 5780 in this court.

On the same day the entry above referred to was filed in the Common Pleas Court, to wit, May 21, 1957, a motion for reconsideration was filed a little over an hour after the entry of the Common Pleas Court affirming the Municipal Court was filed. This motion for reconsideration was referred to Judge Reynolds. Judge Reynolds, in his decision filed on July 5, 1957, concluded with the following language: ''The court adheres to its original ruling dismissing the appeal as to Baldasarro.''

Incidentally, the court in that particular decision reversed the judgment of the Municipal Court as to another party defendant, Phylises Ann Moretti.

The decision of July 5 by Judge Reynolds on the motion of

the defendants for reconsideration was contained in a formal entry approved by counsel for both sides and by a Judge of the Common Pleas Court, wherein the court in the case of *State of Ohio* v. *Marie Kay Baldasarro* affirmed the judgment of the Municipal Court, dismissed her appeal, and remanded her case to the Columbus Municipal Court for further proceedings according to law.

Upon this state of the record, the plaintiff, state of Ohio, appellee herein, filed the following motion on September 16, 1957:

"Now comes the State of Ohio and respectfully moves this court to dismiss this alleged appeal for the reason that the order or judgment appealed from is not a final order."

It is our opinion that the notice of appeal should have been filed in the Common Pleas Court of Franklin County, within thirty days after the affirmance on May 21, 1957, by that court. That is the longest period allowed by Section 2953.05, Revised Code, for appeals as a matter of right within thirty days after sentence and judgment.

The final judgment in this case was on May 21, 1957. It must be borne in mind that the judgment on that date, to wit, May 21, 1957, was a judgment of the Common Pleas Court acting as a reviewing court from the Columbus Municipal Court. There is no statutory provision for a motion for reconsideration or an application for rehearing or a motion for a new trial when a reviewing court affirms a lower court. When a case is heard in the trial court, a motion for a new trial may or may not be filed; but if it is filed, the final order of ajudication is when the motion for a new trial is overruled by court entry. A motion for new trial is pursuant to statutory provision in the trial court. This does not apply in the case of a reviewing court. Hence, a person seeking to appeal from a judgment of affirmance in a criminal case must perfect his appeal within thirty days after the entry of judgment has been approved by the court and filed. His subsequent application for rehearing does not toll the statute. A defendant who elects to file such an application does so at his peril unless he timely perfects his appeal.

In support of our contention that the time for perfecting

an appeal is thirty days in a criminal case, we find the following syllabus in *State* v. *Gossler,* 74 Ohio App., 486, 57 N. E. (2d), 670:

"The time within which an appeal by the state from a judgment quashing an indictment must be filed is governed by Section 13459-4, General Code, providing that an appeal in a criminal case may be filed as a matter of right within 30 days after sentence and judgment; and such appeal is not governed by Section 12223-7, General Code, requiring appeals to the Court of Appeals to be filed within 20 days after judgment."

In support of our contention that the filing of a motion or application for reconsideration does not extend the time for perfecting an appeal where the Common Pleas Court affirms a judgment of the Municipal Court and that affirmance is never vacated, we call attention to the syllabus in *Federal Telephone & Radio Co.* v. *Wysong,* 94 Ohio App., 557, 116 N. E. (2d), 606:

"Where on appeal from the Municipal Court to the Court of Common Pleas, the latter enters an order of affirmance which is never vacated, such court has exhausted its jurisdiction, and where on application for reconsideration such court denies the application and in its order of denial again affirms the judgment of the Municipal Court, such latter order is not a final order, is not appealable, and does not extend the time for perfecting an appeal from the first order."

The latter was a civil case in which the court indicated, in the last paragraph of its opinion, that the notice of appeal should have been filed within twenty days. The principle is the same; but since the case now before us is a criminal case, the final order appealed from was the original entry of affirmance, and the appeal as a matter of right could be perfected only within thirty days from May 21, 1957. The entry overruling the motion for reconsideration on which an opinion was filed on July 5 and an entry filed on August 13 are not final orders from which an appeal can be taken.

In the case of *Federal Telephone & Radio Co.* v. *Wysong, supra,* the Common Pleas Court affirmed the judgment of the Municipal Court of Dayton by entry on February 14, 1953. On March 9, 1953, counsel for appellant filed in the Common Pleas Court (of Montgomery County) an application for reconsidera-

tion. The court passed on this motion, and on March 25, 1953, an entry was journalized in the Common Pleas Court overruling the application for reconsideration. Under this set of facts, the Court of Appeals held:

"* * * In this latter entry, the court again affirmed the judgment of the Municipal Court. However, the court, in its order journalized February 14, 1953, had exhausted its jurisdiction, and since this order was never vacated, it stands as the only appealable final order.

"The fact that the court in a later entry again affirmed the judgment did not have any legal effect and would not extend the time within which an appeal could be perfected. The order of March 25, 1953, was not a final order."

Applied to the case before us, neither the later entry on August 13, 1957, nor the court's decision on July 5, 1957, would extend the time for perfecting an appeal as neither is a final order within the contemplation of the statutes relating to the time for perfecting an appeal.

The motion of the state of Ohio to dismiss the appeal for the reason that the order appealed from is not a final order is sustained.

*Motion sustained and appeal dismissed.*

BRYANT and MILLER, JJ., concur.