Melvin **TANZER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16425.

United States Court of Appeals
Ninth Circuit.

April 13, 1960.

Rehearing Denied May 31, 1960.

138

Silver, Silver & Ettinger, Rose S. Silver, Tucson, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Mary Anne Reimann, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ORR, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

For violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174, the minimum sentence for a first offender is five years and that for a second offender is ten years. Since 1956, neither probation nor parole is available. 26 U.S.C. § 7237(d).

In 1952, Tanzer pleaded guilty to a violation of § 174.[1] The imposition of sentence was suspended. He was placed on probation and successfully fulfilled the probation terms. In 1957, Tanzer, after trial, was found guilty of a second violation of the section.[2] The question raised by this appeal is whether, considering the manner of disposition of the first violation, Tanzer is to be regarded as a second offender. The trial court so

regarded him and sentenced him accordingly.

Tanzer sought to avoid this consequence in two ways: (1) He moved in the 1952 case for an order setting aside the judgment of conviction upon the ground that the probation terms had been satisfactorily fulfilled. (2) He moved in the 1957 case to set aside the order of conviction as a second offender upon the ground that, since imposition of sentence had been suspended in the earlier case, there had been no *final* judgment of conviction in that case. Both motions were denied. Appeals were taken from both orders of denial and have been consolidated for our consideration.

We look first to the appeal from the order in the 1952 case. The question presented is whether, upon successful completion of probation, the defendant is entitled to an order setting aside the conviction.

Appellant relies upon that provision of 18 U.S.C. § 3651, to the effect that "defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation." He contends that this should be read to provide an automatic setting aside and expunging of the conviction.

Satisfaction of judgment is quite different in its significance from forgiveness of the offense. Satisfaction may be had by serving of sentence or, under the quoted language, by fulfillment of the terms of probation. Society, in many respects, however, has seen fit to render significant the fact of conviction of a felony and to attach the attributes of status to a convicted felon.[3] The Federal Youth Corrections Act does provide for automatic setting aside of the conviction upon unconditional discharge of the offender before expiration of his maxi-

---

1. In concealing, receiving and facilitating the transportation and concealment of 50 grains of opium.

2. For importing 29½ grains of heroin.

3. See Notes: Habitual Criminal Statutes; The Requirement of Prior Convictions, 51 Harv.L.Rev. 345 (1937); Court Treatment of General Recidivist Statutes, 48 Columbia L.Rev. 238 (1948).

mum sentence. 18 U.S.C. § 5021. In the absence of express provision to such effect, we cannot read automatic forgiveness from a provision for satisfaction.[4] There is no record of congressional intent to achieve such a result. Further, a consideration of the policies underlying such statutes as this [5] would indicate the discharge from surveillance and termination of jurisdiction by ending the proceeding are not inconsistent with the use of the conviction in a prosecution for a subsequent offense. See Model Penal Code, § 301.5, comment (Tentative Draft No. 2, 1954) and Footnote 6.

Nor do we feel that the courts have discretionary power to set aside the conviction in cases such as this. While some states have given their courts such power,[6] no such authority has been conferred upon the federal courts by Congress as to adult offenders. The power in effect to pardon the offense notwithstanding the fact of guilt is not such a power as is inherent in the judicial process. If it is to be exercised by the courts, it should be expressly conferred by legislative act.

The order denying the motion to set aside conviction in the 1952 case is affirmed.

We turn to the appeal from the order denying the motion to set aside conviction as a second offender in the 1957 case. The question involved is whether the action taken by the court in the 1952 case can be said to amount to a "conviction." Appellant contends that, since imposition of sentence was suspended and probation granted, the action taken cannot be said to have that degree of finality which is necessary to a judgment of conviction.

It is the fact of conviction with which we are concerned. The provision for second offenders (26 U.S.C. § 7237(c) states that an offender shall be considered a second or subsequent offender "if he previously has been convicted" of the specified offense. Appellant contends that "conviction" contemplates and must include sentence. This proposition has been rejected in United States v. Rivera, 2 Cir., 1955, 224 F.2d 88, 89, where it was stated:

> "Under the wording of 21 U.S.C. § 174 the crucial facts which make this defendant a multiple offender are his three valid convictions. The sentences imposed for these convictions are of no significance, so that even if the defendant's first sentence had been corrected so as to be wholly suspended, the ten-year sentence provided by the statute would still have been mandatory. The language of the statute is too plain to admit of doubt * * *."

Appellant draws a distinction between a suspension of the imposition of sentence and a suspension of the execution of sentence. In the latter case, he concedes that judgment has been rendered. In the former case, however, he contends that judgment has been reserved.

This distinction has been rejected by the Supreme Court in Korematsu v. United States, 1943, 319 U.S. 432, at page 435, 63 S.Ct. 1124, at page 1126, 87 L.Ed. 1497, which found the difference to be "one of trifling degree". The court held conviction to be a final judgment,

---

4. In this regard, appellant has relied upon United States v. Maisel, D.C.S.D.Tex. 1928, 26 F.2d 275, to the effect that successful fulfillment of probation eradicates the record of conviction. For the reasons stated in our opinion, we must respectfully disagree with that holding.

5. As to probation and suspension of sentence, see Burns v. United States, 1932, 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266; United States v. Murray, 1928, 275 U.S. 347, 357–358, 48 S.Ct. 146, 72 L.Ed. 309; 2 Attorney General's Survey of Release Procedures, pages 1–38 (1939). As to recidivist statutes, see Gonzales v. United States, 1 Cir., 1955, 224 F.2d 431 and authorities there cited.

6. E. g., California Penal Code, § 1203.4; Nevada Rev.Stat. § 176.340. It may be noted that, while these statutes provide for the expunging of convictions upon successful completion of probation, they do expressly make such expunged convictions available in subsequent prosecutions.

notwithstanding suspension of imposition of sentence. The court stated (319 U.S. at pages 434-435, 63 S.Ct. at page 1125):

"The 'sentence is judgment' phrase has been used by this Court in dealing with cases in which the action of the trial court did not in fact subject the defendant to any form of judicial control. * * * Here litigation 'on the merits' of the charge against the defendant has not only ended in a determination of guilt, but it has been followed by the institution of the disciplinary measures which the court has determined to be necessary for the protection of the public."

Appellant would distinguish this case upon the ground that the question there was as to the finality of the judgment for purposes of appeal. He points out that the decision of the court there favored the appellant.

The fact remains, however, that the distinction between imposition and execution of sentence is a somewhat technical foundation upon which to base one's freedom from the taint of the offense. If there be merit in the proposition that a successful probationer should not be regarded as a prior offender under the statute, the merit certainly extends to both forms of suspension.[7]

Appellant emphasizes the harshness of the provisions of § 7237 relating to second offenders who are not traffickers. There can be no doubt of this; nor can there be doubt that harshness was intended. Congress apparently was in no lenient mood when the section was enacted. We may note that, had the section existed in its present form at the time of appellant's first conviction, probation would not have been available to him.

■ Appellant refers to the legislative history of the 1956 amendment of § 7237 and draws our attention to the emphasis laid upon trafficking in drugs as distinguished from personal use. Subparagraph (b) of the section, in one respect, has dealt expressly with those who traffic with persons under the age of eighteen years. In the balance of the section, no such distinction has been made, and the failure to distinguish, under the circumstances, must be held to have been intentional.[8] With respect to

7. See Model Penal Code, § 301.6 (Tentative Draft No. 2, 1954).

A majority of state jurisdictions which have passed upon the problem hold that the form of sentence does not affect the finality of the judgment. Winn v. Commonwealth, Ky.1957, 303 S.W.2d 275; State v. McCall, 1953, 27 N.J.Super. 157, 99 A.2d 153, 161; People v. Funk, 1948, 321 Mich. 617, 33 N.W.2d 95, 5 A.L.R.2d 1077; People v. Rave, 1936, 364 Ill. 72, 3 N.E.2d 972; cf. State v. O'Dell, 1950, 71 Idaho 64, 225 P.2d 1020; although Ex parte Farr, 1948, 87 Okl.Cr. 411, 198 P.2d 748, and State v. Olson, 1925, 200 Iowa 660, 204 N.W. 278, holding finality, dealt specifically with suspension of the execution of the sentence. It is significant to note that no jurisdiction holds that a different result obtains when suspension of the imposition is involved.

Of the two jurisdictions holding that sentence does affect the finality, New York has found no distinction between imposition and execution. People v. Shaw, 1956, 1 N.Y.2d 30, 150 N.Y.S.2d 161, 133 N.E.2d 681; People ex rel. Loz-

zi v. Fay, 1958, 6 A.D.2d 18, 175 N.Y.S. 2d 236, affirmed 1959, 5 N.Y.2d 890, 182 N.Y.S.2d 835, 156 N.E.2d 462; and Texas gives no indication of observing any difference. Cromeans v. State, 1954, 160 Tex.Cr.R. 135, 268 S.W.2d 133; Brittian v. State, 1919, 85 Tex.Cr.R. 491, 214 S. W. 351.

Appellant has relied upon Gonzalez v. United States, 1 Cir., 1955, 224 F.2d 431; Schooley v. United States, 8 Cir., 1925, 4 F.2d 767; and Singer v. United States, 3 Cir., 1922, 278 F. 415. These cases are distinguishable in that they involve situations where there had been no pronouncement of judgment by the court on a plea or verdict of guilty.

8. Furthermore, § 7 of the House Report, H.R. 2388, 84th Cong., 2d Sess. (1956) (U.S.Code Cong. & Adm.News 1956, p. 3279) makes it abundantly clear that, as to subsequent offenders under § 174, no distinction is made between traffickers and personal users; as to probation, suspension of sentence or parole under § 174, no distinction is made between traf-

legislative intent, it was stated in United States v. Buia, 2 Cir., 1956, 236 F.2d 548, 550:

"The purpose of Congress in enacting multiple offender penalties in the narcotics laws was to punish violators more severely, to deter the criminal who engages in illicit drug traffic and to take habitual violators out of circulation."

The order denying the motion to set aside the conviction as second offender in the 1957 case is affirmed.

James C. Abbott, McAllen, Tex., for appellant.

Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

fickers and personal users or between first and second offenders. That report states:

"Under the present law probation and suspended sentence are available for first offenders and parole is available to all of-

fenders. The proposed amendment contained in your committee's bill would provide that probation, suspension of sentence, and parole would not be available to any offender."