## MARVIN LEROY WHITE V. STATE

No. 33,928.   December 6, 1961
State's Motion for Rehearing Overruled January 24, 1962

No attorney for appellant of record on appeal.

*Frank J. Baughman,* District Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The appellant was convicted under an indictment charging burglary, with two prior convictions for felonies less than capital alleged for the purpose of enhancement; the punishment, life imprisonment.

The evidence is sufficient to show the primary offense of burglary.

To prove the two prior convictions alleged for enhancement, the state introduced a certified copy of the judgment in each of said causes. It further proved that the appellant was the same person named in each of the judgments.

The appellant did not testify or offer any evidence.

There is no evidence in the record showing that sentence was pronounced upon the appellant in the prior convictions alleged. The pronouncement of sentence upon the defendant in all felony cases less than capital is essential to a final judgment of conviction. In the absence of any evidence showing a final conviction of the appellant in the two prior convictions alleged for enhancement, the evidence is insufficient to support the conviction. Art. 767, C.C.P.; 5 Tex. Jur. 2d 169, Sec. 110; 16 Tex. Jur. 2d 570, Sec. 372.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING

McDONALD, Judge.

The State takes the position that when it offered in evidence the certified copies of the judgments of conviction, it made out a prima facie case that continued until attacked in some manner which was not done.

The State relies on Arnold v. State, 127 Tex. Cr. Rep. 89, 74 S.W. 2d 997. An examination of the record in Arnold shows that the judgment and sentence in each of the two prior convictions alleged were introduced in evidence. In Christoph v. State, 166 Tex. Cr. Rep. 453, 314 S.W. 2d 840, which cites the Arnold case, the judgments and sentences of the two prior convictions alleged were each introduced in evidence.

Article 767, V.A.C.C.P., provides that:

"A 'sentence' is the order of the court, made in the presence of the defendant, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

The mandate of the above statute requires that the sentence order the judgment of the court to be carried into execution. In a felony case, the sentence is the final judgment of conviction, without which there is no final conviction. 1 Branch's Ann. P.C. (2d), 684, Sec. 699; Ex parte Hayden, 215 S.W. 2d 620.

It is the State's contention that Article 767, V.A.C.C.P., stands for the proposition that a sentence in a felony case, less than capital, is necessary in the record to give the Court jurisdiction of *that* case when an appeal is filed but that in cases like the one at bar, where we are not concerned with an appeal but with judgments introduced to make out the State's case for enhancement purposes, the introduction of the judgments only, without introducing the sentences, makes out a prima facie case. With this contention, we do not agree. Convictions justifying enhanced punishment under Article 63, V.A.P.C., must constitute a final disposition of the case, and if the judgment for any reason be set aside and another trial awarded, there is no conviction. Brittian v. State, 85 Tex. Cr. Rep. 491, 214 S.W. 351.

We know of no way to show a final judgment in a felony case other than to also show the sentence. We do not feel that Arnold and Christoph are in conflict with this opinion, and that they have been distinguished from the case at bar.

The motion is overruled.