**UNITED STATES of America ex rel. Murad NERSESIAN, Petitioner,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, and the People of the State of New York, Respondents.**

United States District Court
S. D. New York.
Feb. 23, 1965.

Murad Nersesian, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondents, Mortimer Sattler, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, serving a sentence of from eight to twelve years at Green Haven Prison, New York, imposed upon his plea of guilty to felonious possession of narcotics, seeks his release on a Federal writ of habeas corpus. He charges that the State Court illegally sentenced him as a "second felony offender," since the underlying prior conviction on the Federal charge was not a felony under New York law. Petitioner has exhausted available remedies in the state courts and has served the maximum time which could have been imposed on a first offender; accordingly, he is properly before this Court. However, his application here, too, is denied upon the merits.

On September 25, 1951, upon petitioner's conviction by a jury, this Court sentenced him to a term of three years under count one of the indictment, which charged him with selling and attempting to sell counterfeit Federal Reserve bank notes in violation of Section 472 of Title 18, United States Code. Sentence was suspended upon a separate count which charged a conspiracy to pass, utter and sell such counterfeit money. The state courts have determined that although the conspiracy conviction (a felony under Federal law) was for a crime punishable only as a misdemeanor in New York, the Federal conviction for selling and attempting to sell counterfeit money was a felony under New York law,[1] and served as a predicate for sentencing petitioner as a multiple offender under New York's Multiple Offender Act. It is this determination which petitioner now seeks to overturn. The essence of his claim is that his Federal conviction was for the sale of counterfeit money, whereas New York law condemns the uttering of counterfeit obligations, but omits any mention of their sale. The determination by a state of what constitutes a prior felony conviction under its Multiple Offender Act presents no Federal question.[2] Moreover, the crime for

1. N.Y.Penal Law, McKinney's Consol. Laws, c. 40, § 1941 provides for a second felony offender sentence where a defendant had previously been convicted in another jurisdiction for an act "which, if committed within this state, would be a felony * * *." See People ex rel. Goldman v. Denno, 9 N.Y.2d 138, 211 N. Y.S.2d 403, 172 N.E.2d 663 (1961). Difficulties in administering this test, partic- ularly where no New York counterpart exists, have prompted proposals to abandon it in favor of a test based upon the sentence actually imposed under the prior conviction. See N.Y. Proposed Penal Law § 30.10 & pp. 284–86 (1964).

2. Cf. Wright v. Rhay, 323 F.2d 653 (9th Cir. 1963), cert. denied, 376 U.S. 958, 84 S.Ct. 976, 11 L.Ed.2d 974 (1964).

which petitioner was convicted in this Court is clearly a felony under Section 881 of the New York Penal Law.[3] The language of that provision, which makes it a felony to utter, offer, dispose of or put off as true any forged instrument, permits a construction which includes "to sell." This construction by the state courts violates no Federally protected right of petitioner.

The application for a writ of habeas corpus is denied.

---

**3.** Federal bank notes are included within the scope of § 881. See N.Y. Penal Law § 884(5); People v. Fury, 279 N.Y. 433, 18 N.E.2d 650 (1939).