**Elmo HORTON, Petitioner,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**No. 67-H-658.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 25, 1967.

---

## Memorandum and Order

SINGLETON, District Judge.

Petitioner, Elmo Horton, seeks leave to file in forma pauperis a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 1915 (1966). Leave to file is granted, but in this Court only. The Clerk will file the petition.

■ Petitioner is currently serving a life sentence imposed by a Texas court pursuant to Vernon's Ann.Tex. Penal Code art. 63 (1966), the Texas Habitual Criminal Act. Article 63 provides that "[w]hoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." It is petitioner's contention here that *this court* should order his release because one of the convictions used for enhancement was not available for that purpose, thereby rendering his life sentence void. More specifically, petitioner alleges that he was never formally sentenced under one of the prior convictions that was used for enhancement. Indeed, he states, that only *after* he began serving his life sentence as a habitual criminal did the convicting court pass sentence and issue its mandate sentencing him to 10 years in the penitentiary and ordering this sentence to run concurrently with the life sentence. At most, this raises a question of State law, not a federal question over which this Court has jurisdiction. Compare Beto v. Sykes, 360 F.2d 411 (5th Cir. 1966). See also United States ex rel. Read v. Martin, 263 F.2d 606 (2d Cir. 1959); Elwood v. Smith, 164 F.2d 449 (9th Cir. 1947); United States ex rel. Nersesian v. Fay, 239 F.Supp. 142 (S.D.N.Y.1965).

■ If petitioner's allegations are true, however, he should be entitled to relief in the State courts *as a matter of State law*. In White v. State of Texas, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1962), the defendant was convicted of burglary, with two prior convictions alleged for enhancement, and sentenced to life imprisonment. To prove the two prior convictions, the State introduced certified copies of the judgments for each prior conviction. On appeal, the Court of Criminal Appeals reversed, holding that the judgments were not sufficient to show the two prior convictions. The Court stated:

"There. is no evidence in the record showing that sentence was pronounced upon the appellant in the prior convictions alleged. The pronouncement of sentence upon the defendant in all felony cases less than capital is essential to a final judgment of conviction. In the absence of any evidence showing a final conviction of the appellant in the two prior convictions alleged for enhancement, the evidence is insufficient to support the conviction."

On motion for rehearing, the Court in these words rejected the State's argument that the judgments of conviction were at least sufficient to make out a prima facie case: "We know of no way to show a final judgment in a felony case other than to also show the sentence."

Although petitioner has filed previously with the Texas courts, he is not precluded from filing a new application. If he chooses to do so, he should attach a copy of this Order with his application.

For the reasons set out above, it is ordered, adjudged, and decreed that the petition be dismissed.

This is and constitutes a final judgment.

The Clerk will send copies of this Order to petitioner and the Attorney General of Texas.