

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 11, 1973

The Honorable Wiley L. Cheatham
District Attorney
24th Judicial District
Cuero, Texas 77954

Opinion No. H-48

Re: Whether a person who
receives a felony probated
sentence under Article
725b, Section 23(a), V. T. P. C.,
may under certain circum-
stances receive a second
felony probated sentence.

Dear Mr. Cheatham:

You have requested the opinion of this office on the following questions:

"(1) If a person receives a felony probated sentence
for a violation of the narcotic law under Penal Code, Arti-
cle 725b, Section 23(a), may a judge grant him another
probated sentence for a later felony violation of Article
725b?

"(2)" May a defendant who has received a felony
probated sentence under Penal Code, Article 725b and
whose probationary sentence has run out by the lapse
of time, then receive a second felony probationary
sentence for either unlawful possession of a narcotic
drug (a felony) or sale of a narcotic drug (a felony)?

"(3) May a defendant who has received a felony
probationary sentence and had his probation terminated
by the court under C. C. P., Article 42.14, Section 7,
receive a second felony probated sentence for a felony
conviction or either possession or sale of narcotic drugs
under Penal Code 725b? "

Article 725b, Section 23(a), V. T. P. C., provides:

> "Except as provided in Subsections (b) and (c)
> of this section, any person who violates any provision
> of this Act is guilty of a felony and upon a first con-
> viction is punishable by imprisonment in the peniten-
> tiary for not less than two years nor more than life;
> and upon a second or subsequent conviction, he is
> punishable by imprisonment in the penitentiary for
> not less than 10 years nor more than life. Suspended
> sentence or probation under the Adult Probation and
> Parole Law is not available to a person upon a second
> or subsequent conviction. "

This statute uses the same language regarding both enhanced sen-
tences and the availability of probation. ". . . upon a second or subsequent
conviction. " Both probation and the possibility of an enhanced sentence
are dependent upon whether there was a prior conviction for a violation
of this act. It is our opinion that the Legislature, by this use of the same
language in these two successive sentences, intended that the same mean-
ing for "conviction" apply in both situations.

Because this article provides for enhanced punishment for second
and subsequent violations of the Narcotic Drug Act, it has been held that
a prior violation may not be used to enhance punishment under the provisions
of Article 62 and 63, V. T. P. C. Heredia v. State, 468 S. W. 2d 833 (Tex.
Crim. 1971). However, authoritative interpretations of Article 63, V. T. P. C.,
may be helpful in understanding it.

Article 63, V. T. P. C., provides:

> "Whoever shall have been three times convicted
> of a felony less than capital shall on such third conviction
> be imprisoned for life in the penitentiary. "

Like Article 725b, it predicates enhanced punishment upon a prior
conviction or convictions. In White v. State, 353 S. W. 2d 229 (Tex. Crim.

1962), the court considered the issue of what constitutes a prior conviction under Article 63, V. T. P. C., and came to the following conclusion:

> "The pronouncement of sentence upon the defendant in all felony cases less than capital is essential to a final judgement of conviction. In the absence of any evidence showing a final conviction of the appellant in the two prior convictions alleged for enhancement, the evidence is insufficient to support the conviction.
>
> . . .
>
> "The mandate of [Article 42.02, V. T. C. C. P.] requires that the sentence order the judgment of the court be carried into execution. In a felony case, the sentence is the final judgment of conviction, without which there is no final conviction. "

It is therefore clear that, for purposes of enhancing punishment for prior convictions, the prior conviction must be one that is final, meaning sentence has been pronounced ordering the judgment be carried into execution.

Section 3 of Article 42.12, V. T. C. C. P., provides in part:

> " . . . [C]ourts . . . shall have the powers, after conviction or a plea of guilty . . ., to suspend the imposition of the sentence and place the defendant on probation . . . . "

Under the probation law, sentence is not pronounced but is deferred. See _Teel v. State_, 432 S. W. 2d 911 (Tex. Crim. App. 1968). Therefore a sentence which has been probated is not final and is not a conviction for purposes of enhancement under Article 725(b), V. T. P. C., nor for purposes of preventing probation thereunder.

We therefore answer your first question that a person who is under probated sentence for a violation of Article 725b, Section 23 (a), V. T. P. C.,

may be granted another probated sentence for a later felony violation of that article.

Your second and third questions concern the situation where a probated defendant has completed his full period of probation by the lapse of time or has had his probation terminated by the court under Article 42.12, Section 7, V. T. C.C. P., which provides in part:

> "At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. "

Where the defendant has satisfactorily completed his period of probation, the court is required to discharge him, and in fact never pronounces sentence ordering execution of the judgment of the court, as would constitute a final judgment of conviction sufficient to support enhancement. See White v. State, supra. It is therefore our opinion that a defendant who has successfully completed by lapse of time a prior probated sentence for a violation of Article 725b, Section 23(a), V. T. P. C., is not thereby prohibited from receiving a second probated sentence for a felony conviction thereunder.

Similarly, to answer your third question, where the prior probationary sentence has been terminated by court order under Section 7, Article 42.12, V. T. C. C. P., the defendant is eligible to receive a second felony probated sentence for a felony conviction for either possession or sale of narcotics drugs under Penal Code, Article 725b.

## SUMMARY

Under Article 42.12, Vernon's Texas Code of
Criminal Procedure, a probated sentence is not a

final conviction which would serve to enhance the punishment for a second conviction. Therefore, a person who received a probated sentence under Article 725(b), Section 23(c), V. T. P. C., may receive a second probated sentence before the expiration of the period of probate for the prior sentence, before he has concluded his period of probation by lapse of time or has had the period altered by order of the court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee