**Leslie Houston CHILDRESS, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. B14–82–344CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 3, 1983.

**152**

Murry Cohen, Houston, for appellant.

Winston Cochran, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and CANNON, JJ.

OPINION

CANNON, Justice.

The appellant was indicted for felony escape in violation of Tex.Penal Code Ann. § 38.07 (Vernon 1974). Pursuant to § 38.-07(c)(1), this offense is a felony of the third degree because it was alleged that the appellant, at the time of his escape from custody, was charged with a felony. Two enhancement paragraphs alleged that the appellant had prior felony convictions for robbery and burglary. The appellant pleaded not guilty and was tried by a jury who found him guilty as charged. The punishment hearing was tried to the court, sitting without a jury, because no jury was demanded. After the appellant entered pleas of not true to both enhancement paragraphs, the trial judge found both enhancement paragraphs to be true in all respects. The court then assessed punishment at life imprisonment, in accordance with Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), which imposes an automatic life sentence upon proof of two final prior felony convictions with the second being for an offense occurring after the date the first conviction became final. The appellant gave timely notice of appeal and from this conviction he now appeals by raising two grounds of error. We find no error in the judgment below and therefore affirm.

■ In his first ground of error, the appellant claims that the State did not produce sufficient evidence to prove that the second enhancement paragraph in the indictment, pertaining to a burglary conviction in Cause Number 187,608 in the 179th District Court of Harris County, was true. Specifically, the appellant contends that there is no evidence that the appellant was sentenced in that cause, with the consequence that there may not have been a final conviction in Cause Number 187,608. As conceded by the state, the appellant's contention is supported by existing case law. *White v. State,* 171 Tex.Cr.R. 683, 353 S.W.2d 229 (Tex.Cr.App.1962); *Thornton v. State,* 576 S.W.2d 407 (Tex.Cr.App.1979);

*Garcia v. State,* 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981). Unfortunately, appellant's well written brief, supplemental brief, and reply to state's brief, all in support of this contention, were based on the documents found in the attorneys' copy of the appellate record. Due to a clerical error, the record that was utilized by counsel in preparing the briefs did not contain any copies of the sentence in Cause Number 187,608, but contained two copies of the sentence pronounced in Cause Number 187,609. Conversely, the appellate record received by this court showed two copies of the sentences pronounced in Cause Number 187,608, and was without the sentence in Cause Number 187,609. Obviously, one copy of the sentence in Cause Number 187,608 was intended for the attorneys' copy of the appellate record and the other copy was intended for the appellate record filed in this court. Likewise, in Cause Number 187,609, one copy was intended for the attorneys' copy of the appellate record and the other was intended for the appellate record filed in this court. Therefore, since cause number 187,608 was alleged in the enhancement paragraph of the indictment, there is nothing for us to review, because we have two copies of that sentence in the record before us.

■ In his second ground of error, appellant alleges that the District Court committed reversible error in denying appellant's Motion to Quash the Indictment. We do not agree. Basically, this complaint claims that the indictment failed to notify the appellant of which form of felony escape the State would attempt to prove. The indictment in question alleged in part that:

Leslie Houston Childress . . . on or about December 29, 1980, *did* then and there unlawfully[,] intentionally and knowingly *escape from* the *custody* of J.A. DAVENPORT, a PEACE OFFICER, *after having been charged with the felony offense* of Possession of a Controlled substance, namely, Methamphetamine. (Emphasis added).

The applicable statute, Tex.Penal Code Ann. § 38.07 (Vernon 1974), reads as follows:

§ 38.07. ESCAPE

(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

(b) Except as provided in Subsections (c) and (d) of this section, an offense under this section is a Class A misdemeanor.

(c) *An offense under this section is a felony of the third degree if the actor:*

(1) *is* under arrest for, *charged with,* or convicted of a *felony;* or

(2) is confined in a penal institution.

(d) An offense under this section is a felony of the second degree if the actor used or threatened to use a deadly weapon to effect his escape. (Emphasis added).

Under § 38.07(c)(1), the offense of escape is a felony of the third degree if the actor is under arrest for, charged with, or convicted of a felony. Under § 38.07(c)(2), the offense of escape is a felony of the third degree if the actor is confined in a penal institution. In light of the facts in this case, either form of third degree felony escape was applicable. However, the indictment does make it clear that the alleged offense was that covered by § 38.07(c)(1). The indictment charges that the appellant escaped "after having been charged with the felony offense of possession of a controlled substance . . . ." This clearly indicates that § 38.07(c)(1), rather than § 38.07(c)(2), is the basis for the indictment. This language goes even further and specifies the applicable subcategory within § 38.07(c)(1), that of an escapee being charged rather than arrested or convicted. Therefore, the court's refusal to quash the indictment was not error, and appellant's second ground of error is overruled.

■ We also note that the appellant himself filed a Pro-Se Brief in this cause. It is well established in Texas that "there is no right to hybrid representation", i.e., representation by counsel and the appellant himself. *La Bome v. State,* 624 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Rudd v. State,* 616 S.W.2d 623, 625

(Tex.Cr.App.1981). "The pro se briefs therefore present nothing for review." *Id.* at 625.

The judgment is affirmed.