COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-18-00174-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 112th Judicial District Court |
| LESA GAIL BURNETT, | § | |
| | § | of Crockett County, Texas |
| Appellee. | § | |
| | § | (TC#17-11-02996-CR) |
| | § | |

## **O P I N I O N**

The State appeals the trial court's order quashing the enhancement of a prior conviction in the indictment of Driving While Intoxicated First Degree for Lesa Gail Burnett, Appellee. In its sole issue for review, the State claims the trial court erred when it quashed an indictment enhancement paragraph because it asserts a conviction of driving while intoxicated is final for the purposes of enhancement regardless whether Appellee's probation was revoked.

## **BACKGROUND**

Appellee was indicted in November 2017, which alleged in count one, that on July 4, 2017, she operated "a motor vehicle in a public place" while intoxicated. The indictment contained two enhancement paragraphs. The first enhancement paragraph alleged Appellee had been convicted

of felony Driving While Intoxicated in Lubbock County, Texas on March 11, 2010. [1] The second enhancement paragraph alleged Appellee was convicted of felony Driving While Intoxicated in Upton County, Texas on August 9, 2013.[2]

Appellee filed a motion to strike an enhancement of a misdemeanor DWI out of Pecos County in cause number 11044.[3] In September 2018, the trial court held a hearing on Appellee's motion to strike the enhancement paragraph of her pending first degree driving while intoxicated indictment. The State argued that both indictment enhancement paragraphs are proper. The State informed the trial court Appellee's probation had been revoked and she had been sentenced to Texas Department of Corrections for the Lubbock conviction in the first enhancement paragraph. However, the second paragraph enhancement, the driving while intoxicated conviction out of Upton County, Appellee was on probation as of July 4, 2017, but had subsequently been revoked and had been sentenced to the Texas Department of Corrections. The State asserted the case law supported Appellee's motion, but the State intended to appeal. The State's position is that a guilty plea to a driving while intoxicated is final because "it cannot be granted judicial clemency and it cannot be expunged." The State asserts that renders the conviction final but acknowledges the case law does not support that assertion. The trial court did not reach the merits of Appellee's Pecos County misdemeanor DWI conviction in cause number 11044 but struck the enhancement paragraph of the Upton County felony DWI conviction

---

[1] Cause number 2007-417,914.

[2] Cause number 13-04-U1031.

[3] However, Appellee asserted she had successfully completed her misdemeanor probation for a DWI in cause number 11044 from Pecos County, Texas, and was discharged from that probation on March 31, 1997. Appellee argued that a "successfully served probation" could not be used for enhancement purposes. For reasons that cannot be discerned on this record, this misdemeanor probation was not one of the felony DWI's that supported the enhancements in the indictment.

in cause number 13-04-U1301. On September 14, 2018, the trial court signed an "Order On Motion to Quash Enhancement."

On October 2, 2018, the trial court made the following findings in part:

3. In the first enhancement paragraph (20017-417,914) the Defendant was sentenced to, and did serve time in the Texas Department of Criminal Justice Institutional Division.
4. In the Second enhancement paragraph, (13-04-U1031) the Defendant was placed on community supervision by this court. The community supervision had not been revoked prior to the date of the offense in this indictment.

This appeal followed.

## DISCUSSION

In its sole issue, the State contends the trial court erred when it quashed the second enhancement paragraph of Appellee's first degree felony Driving While Intoxicated indictment. The State asserts a DWI conviction is a final conviction for enhancement purposes regardless whether a defendant's probation is revoked or not. We disagree.

### Standard of Review

The sufficiency of an indictment is a question of law and when the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, appellate courts should conduct a *de novo* review of the issue since the trial court is in no better position to make the determination. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004)(citing *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997)).

### Analysis

Two prior felony offense convictions can be used to enhance a felony indictment to a habitual range of 25 to 99 years or life if the State can show the prior felony convictions are final.

3

Tex.Penal Code Ann. § 12.42; *see Ex parte Pue*, 552 S.W.3d 226, 235 (Tex.Crim.App. 2018).

A previous conviction for a felony may be used for enhancement purposes if:

> [T]he defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex.Penal Code Ann. § 12.42(d).   In the context of enhancing with prior DWI convictions, the statute requires the State to prove a defendant has two DWI felony convictions and the "second previous felony conviction occurred after the first conviction became final."   *Bower v. State*, 77 S.W.3d 514, 518 (Tex.App.—Houston [1st. Dist.] 2002, pet. ref'd).

The longstanding precedent in Texas regarding the finality of convictions is unambiguous. Convictions for enhancement purposes are not final in cases in which the sentence has been suspended and probation granted; a conviction is not final for enhancement purposes unless that probation is revoked.   *Pue*, 552 S.W.3d at 235; *see Ex parte Langley*, 833 S.W.2d 141, 143 (Tex.Crim.App. 1992)(citing *Ex parte Murchinson*, 560 S.W.2d 654, 656 (Tex.Crim.App. 1978)).

In addition to probation revocation, prior felony final convictions used as enhancements must be proven.   Penitentiary packets, commonly referred to as "pen packs" are used to prove these prior felony final convictions.   *See Reed v. State*, 811 S.W.2d 582, 584-85 (Tex.Crim.App. 1991).   Therefore, it naturally follows, since pen packs must prove prior felony final convictions and proof of a prior felony final conviction is required to enhance, a pen pack of "imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years" is required for a felony enhancement.   Tex.Penal Code Ann. § 12.32.

Here, viewing the record *de novo*, as we are required to do, the trial court did not err in quashing the second enhancement paragraph containing the 2013 Upton County conviction. Clearly, Appellee's 2010 Lubbock County probated sentence was revoked and she was sentenced to TDCJ prior to July 4, 2017, which resulted in a final conviction for enhancement purposes. Appellee's 2013 Upton County probated sentence was not a final conviction because it had not been revoked prior to July 4, 2017. Appellee was convicted of the Upton County offense on August 9, 2013; she was granted probation, which had not been revoked as of July 4, 2017. Thus, Appellee's 2013 Upton County conviction for driving while intoxicated cannot be used for enhancement purposes since it was not a final conviction as of July 4, 2017, and the trial court did not err in quashing the enhancement paragraph.

The State has asked this Court to consider the definition of a final conviction from the perspective of the Texas Code of Criminal Procedure, rather than relying on established, precedential case law. The State contends that pursuant to the Texas Code of Criminal Procedure, a dismissal from completion of probation stemming from a felony DWI conviction is statutorily barred. Specifically, Article 42A.102(b)(1)(A) prevents a person charged with DWI from being eligible for deferred adjudication, and Article 42A.701(a), (b), (f), and (g)(1) bars termination of the period of community supervision or setting aside the conviction. Although this is an accurate restatement of Texas Legislature enactments, the State has conceded that precedential case law has repeatedly ruled that a probated sentence is not a final conviction unless that probation has been revoked. *Jordan v. State*, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001)(There must be proof of revocation to demonstrate finality in instances of probated sentences.).

The reinforcement of probation revocation amounting to a final conviction has been the longstanding rule in Texas since 1919. *Brittian v. State*, 214 S.W. 351, 352 (Tex.Crim.App. 1919)(*"*Under our law there may be a suspended sentence awarded by the jury. In such case there would be no final conviction . . . unless for some reason the suspended sentence be set aside as authorized by the statute."). The law is clear that convictions that have been suspended and probation granted, are not final convictions for purposes of felony enhancements. *Murchinson*, 560 S.W.2d at 656, (citing *White v. State*, 353 S.W.2d 229, 230 (Tex.Crim.App. 1961); *Langely*, 833 S.W.2d at 143; *Ellis v. State*, 115 S.W.2d 660 (Tex.Crim.App. 1938); *Arbuckle v. State*, 105 S.W.2d 219 (Tex.Crim.App. 1937); *Fetters v. State*, 1 S.W.2d 312 (Tex.Crim.App. 1927); *Brittian*, 214 S.W. at 352).

As an appellate court, it is our duty to follow longstanding precedent.[4] Precedential case law has repeatedly held that probated sentences are not final convictions without revocation, and since Appellee's probated sentence had not been revoked prior to the offense now being tried, it was not a final conviction, and the trial court did not err in quashing the enhancement paragraph.

## CONCLUSION

The judgment of the trial court is affirmed.

December 11, 2019

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

---

[4] "[T]he court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court . . . ." TEX.R.APP.P. 41.3.

6